## JOHN B. YOUNG v. PETER CLIPPINGER.

1. CONVEYANCE; *Quitclaim Deed.* A deed which recites, that the grantors "have bargained, sold and quitclaimed, and by these presents do bargain, sell and quitclaim all our right, title, interest, estate, claim and demand, both in law and in equity, as well in possession as in expectation, with all and singular the hereditaments and appurtenances thereunto belonging, and we do also promise to defend the property against all claims if any should come up against said property," is only a quitclaim deed, and purports to convey only the existing interest and estate of the grantors.

2. ———— *Covenant.* The general covenant following the granting-clause, does not operate to enlarge the estate granted, but is itself limited to such estate.

3. PLEADING; *Petition.* A petition which alleges the execution of such a deed, that the grantors did not have a fee-simple title, that a third party did have such title, and subsequently to the deed brought an action and recovered possession of the land, evicting the grantee, does not state facts sufficient to constitute a cause of action.

*Error from Nemaha District Court.*

ACTION by *Young* to recover damages for an alleged breach of a covenant of seisin. *Clippinger* demurred, and the district court, at the April Term 1874, sustained the demurrer, and gave judgment for the defendant. The words of the deed, so far as material, are quoted in the opinion, *infra.* The plaintiff brings the case here on error.

*N. Price* and *S. Conwell,* for plaintiff in error, contended that Clippinger's promise and agreement "to defend the property against all claims, if any should come up against said property," is an express covenant in relation to the *property,* and runs with the land as such, and a covenant for the future protection of the title, and cite 2 Blackstone (Cooley) 303, note 10; 1 Bouv. Law Dic., 402, 403; 2 Am. Law Reg., 267, 744; Rawle on Cov., 318, 506; 1 Smith's Leading Cases, 133; 15 Ill., 137; 13 Barb., 281.

*Joseph Sharpe,* for defendant, contended that the petition

did not state facts constituting a cause of action; that the deed of Clippinger was a mere quitclaim, conveying only a present interest, and that the supposed covenant was limited by the grant—and referred to 20 Pick., 488; 11 id., 296; 12 id., 47; 7 id., 169; 5 Cush., 56; 10 id., 132; 12 Metc., 175; 25 Cal., 452; 11 Ohio St., 475; 3 Washb. Real Prop., 104, § 40.

The opinion of the court was delivered by

BREWER, J.: On the 7th of July, 1868, Peter Clippinger and wife executed a deed to Aaron W. Manchester of a tract of land. The material portion of the deed is as follows: Said grantors "have bargained, sold and quitclaimed, and by these presents do bargain, sell and quitclaim, unto the said Aaron W. Manchester, his heirs and assigns forever, all our right, title, interest, estate, claim and demand, both in law and in equity, as well in possession as in expectation, * * * with all and singular the hereditaments and appurtenances thereunto belonging, and we also do promise to defend the property against all claims, if any should come up against said property." On the 24th of May 1870 Manchester and wife executed a warranty deed of said premises to plaintiff. Plaintiff, in January 1874, filed his petition, setting out the execution of these deeds, and averring that at the time of defendant's conveyance he was not seized in fee simple of said lands, and had not defended the same against the lawful claims of all persons, but that one Eli Finley was the owner, and that said Finley, in August 1872, commenced an action against said plaintiff to recover the possession, and did in said action recover the possession, and that under said judgment plaintiff was, in September 1873, evicted from said premises. A demurrer to said petition was sustained, and of this ruling plaintiff in error complains.

The deed from defendant is plainly a quitclaim. It does not purport to grant a fee-simple title. It uses the technical

1. Conveyance;
quitclaim.

term "quitclaim," and to make assurance doubly sure, it limits the grant to the "right, title, interest, estate, claim and demand" of the grantors. Such a deed conveys nothing but the interest of the grantors, and an after-acquired title does not inure to the benefit of the grantees. *Simpson v. Greeley*, 8 Kas., 586. Nor in this case do we think the covenant enlarges the grant. The reciprocal effects of

2. Covenant;
estate granted.

covenants upon the grant, and of the grant upon the covenants, has been much discussed, and the conclusions are not all harmonious. It is said in 2 Smith's Leading Cases, p. 636, that "the true rule would seem to be, that the instrument should be taken as a whole, and effect given to its meaning as derived from each and every part of it." Under this rule it is more reasonable to hold that the general terms of the covenant are limited to the restricted estate granted, than the reverse. The estate conveyed is specifically, doubly limited. It is restricted to the interest and estate of the grantors, for the phrase, "or in expectation," refers to interests existing but not vested, and does not include interests and titles wholly disconnected from the grantors. It can hardly be supposed that the grantors used such words of limitation without intending to restrict the extent of the grant, while the general terms of the covenant may properly be held as applicable only to the estate granted. In other words, the grantors convey a limited estate, and covenant to defend that estate. The authorities support this view. In *Blanchard v. Brooks*, 12 Pick., 47, Shaw, C. J., says: "The grant in the deed is of all his right, title and interest in the land, and not of the land itself, or any particular estate in the land. The warranty is of the premises, that is, of the estate granted, which was all his right, title and interest. It was equivalent to a warranty of the estate he then held or was seized of, and must be confined to estate vested." In *Comstock v. Smith*, 13 Pick., 116, Wilde, J., uses this language: "The tenant in covenanting to warrant and defend the granted or released premises must be understood to refer to the estate or title sold or released, and not to the land,

because he certainly did not intend to warrant any estate or title not intended to be conveyed." In *Sweet v. Brown*, 12 Metc., 175, it was decided that, where "A. conveyed to B. by deed all his right, title and interest in and to certain real estate, described by metes and bounds, corners and distances, with the usual covenants of seisin and warranty, the covenants were limited to the estate and interest of A. in the granted premises, and were not general covenants extending to the whole parcel described in the deed." See also *Allen v. Holton*, 20 Pick., 458; *Wight v. Shaw*, 5 Cush., 56; *Miller v. Ewing*, 6 Cush., 34; *Gee v. Moore*, 14 Cal., 472; *Kimball v. Semple*, 25 Cal., 452; Rawle on Covenants for Title, 525–6–7, and notes. It follows from these considerations that the court did not err in sustaining the demurrer, and the judgment will be affirmed.

All the Justices concurring.