No. 13,104.

## WOOD v. RIDGEVILLE COLLEGE.

PROMISSORY NOTE.—*Conditional Agreement to Return.—Consideration.—Defence.*—At the time a promissory note was executed to a college for a scholarship therein, a certificate of scholarship was issued to the maker, to which was appended an agreement that the note was to be returned if ten thousand dollars' worth of scholarships were not sold within a given time.    Action upon the note.

*Held*, that the note and the agreement constitute one contract, but that the defendant can not avoid the note by merely showing a failure to sell ten thousand dollars' worth of certificates, but he must also show that he has not used the certificate and has returned or tendered it to the college.

From the Wayne Circuit Court.

*E. L. Watson* and *J. S. Engle*, for appellant.

*W. A. Thompson, A. O. Marsh* and *J. W. Thompson*, for appellee.

ELLIOTT, J.—The complaint of the appellee is founded on

Wood v. Ridgeville College.

a promissory note executed by the appellant for a perpetual scholarship in Ridgeville College. The appellee, at the time the note was executed, issued to the appellant a certificate of scholarship and appended to it the following agreement: "The above named note is to be returned if ten thousand dollars' worth of scholarships from No. 17 are not sold in Randolph and Jay counties within the next college year."

The note and the agreement, having been executed at the same time, constitute one contract. *Hickman* v. *Rayl,* 55 Ind. 551; *Allen* v. *Nofsinger,* 13 Ind. 494. But, while we agree with appellant upon this point, we can not agree that he can defeat this action without returning, or offering to return, the certificate issued to him. Conceding, but not deciding, that the stipulation in the contract constitutes a condition, it is, if a condition at all, a condition subsequent and not precedent. *New Haven, etc., Co.* v. *Hayden,* 107 Mass. 525.

The title to the perpetual scholarship passed to the appellant, and he was entitled to make such use of it as he saw proper. It bound the appellee to furnish tuition for one scholar, and the only method in which the appellant could avoid his note was by an answer averring that he had not used the certificate and had returned or tendered it to the appellee. In such a case as this, the consideration for the promise is the right to a scholarship, and this right the promisor may elect to avail himself of, and if he does he waives the condition. As he does not aver that he did not use the certificate, nor that he offered to return it, his answer is bad. It may, perhaps, be true that he might retain the certificate and recoup the damages, if any, caused by a failure to sell ten thousand dollars' worth of certificates as agreed, but the answer before us presents no such question, for the failure to procure ten thousand dollars' worth of certificates is pleaded as an absolute defence to the note.

Judgment affirmed.

Filed April 10, 1888.