## POST, MARTIN & COMPANY *v.* ABBEVILLE & WAYCROSS RAILROAD COMPANY.

*Lumpkin, J.*—The action being upon negotiable promissory notes, and it having been shown by uncontradicted evidence that, before their maturity, the plaintiffs had become the *bona fide* holders of the same for value, it was error to direct a verdict for the defendant, although it may have been proved that the consideration of the notes had entirely failed. The mere fact that the consideration was expressed on the face of the notes was not, of itself, notice that the consideration had failed.

July 13, 1896. By two Justices.     *Judgment reversed.*

Complaint on notes. Before Judge Smith. Wilcox superior court. September term, 1895.

The notes sued on were dated March 9, 1891, and payable at the office of the American Car & Equipment Company in the city of New York, each being for $75 "for rental of rolling-stock under contract of lease and conditional sale of even date herewith." They were indorsed

by the payee; and the plaintiffs alleged that they were *bona fide* holders for value before maturity of the notes.    Defendant pleaded, not indebted; and that the consideration of the notes had totally failed, in that they were given for certain railroad equipment described in the contract referred to therein, but that after the execution of the notes the payee became insolvent and wholly failed to furnish any of the equipment so purchased, and defendant never received any of the equipment nor any consideration for the notes.    The court directed a verdict for defendant, and plaintiffs' motion for a new trial was overruled.

At the trial there was testimony for the plaintiffs, that they got the notes sued on, with nine others, from the payee.    They were carrying a large loan secured by various kinds of collateral, part of which the payee was in the habit of withdrawing and substituting therefor other securities of equal value, and the notes sued on were substituted in this way.    The transaction was shortly after the date of the notes, and long before they were due.    Plaintiffs had no knowledge whatever of the failure of consideration, and never heard of any defense until they tried to collect the notes, but took them as ordinary business papers. The payee failed shortly afterwards, and transferred to plaintiffs the notes absolutely, that is, released its equity in them.    This was in April, 1891.    Plaintiffs had collected enough of the collateral to secure about ten per cent. of the loan, the balance being still due and unpaid.

There was testimony for the defendant supporting the allegation in the plea of failure of consideration.    It further introduced the agreement referred to in the notes sued on, dated ten days after the date of the notes, and not recorded. By this agreement the payee company agrees to lease to defendant a baggage and passenger car for 36 months from April, 1891, of the value of $1,000, the rental being payable $250 cash and twelve quarterly payments of $75 each, evidenced by twelve notes, with the right in the lessor to

retake the car at its option in event of failure to pay any of the notes, surplus of sale by lessor to go to lessee. Lessee to keep car in repair, to pay insurance and taxes, and to replace the car if destroyed. It is further agreed that if the lessee shall pay all sums due under the contract, the car shall become its property absolutely.

*Tom Eason* and *E. A. Smith*, for plaintiffs.
*D. H. Pope* and *E. H. Cutts*, for defendant.