## HUDSON *v.* BEST.

1. While a jury may consider the opportunities of a witness of knowing the facts about which he testifies, and his interest or want of interest in the case, yet there is no rule of law requiring the jury to believe the witness who has least interest in the case and the best opportunity of knowing the facts to which he testifies. It was, therefore, error to charge as follows: "It becomes your duty to believe that witness who has the least inducement to swear falsely and the best means of knowing the facts about which he testifies."

2. The comparative weight of circumstantial and direct evidence on any given issue is a question for the jury. In a case, therefore, where one party sought to establish by circumstantial evidence a material fact which was positively denied by the other litigant, it was error for the court to charge the jury: "Circumstantial evidence is just as good and just as convincing and just as reliable as direct and positive evidence, when properly linked together."

3. A knowledge of the consideration of a negotiable promissory note by a purchaser thereof, for value and before maturity, is not sufficient to charge him with notice of the failure of such consideration. It was therefore error for the court, in this case, to charge the jury, without qualification, as follows: "If [the payee] gave a guarantee to do certain

things and failed to make good his guarantee to [the maker], and [the holder] took the note with knowledge of the guarantee, then [the maker], by proof of [the payee's] failure to make good his guarantee, is entitled to a verdict in his favor." And: "If [the holder] obtained [the note] before maturity with knowledge of the fact of the consideration and of the guarantee, and [the payee] failed to carry out the guarantee, then he can not recover."

4. Where two parties differ as to the legal liability of one of them upon a promissory note and they agree to submit the question of their difference to an attorney for his opinion, without binding themselves to abide by his decision, such opinion is not admissible testimony in favor of either party upon a subsequent trial of a case involving the same issue.

5. It is error in the judge to express an opinion as to what has been proved to be the consideration of a contract, when such consideration does not appear upon the face of the contract itself.

6. Other than as covered by the above headnotes, there was no material error in the rulings of the court of which complaint is made.

Argued February 16, — Decided April 12, 1898.

Complaint on note. Before Judge Fite. Bartow superior court. May 14, 1897.

*John W. Akin*, for plaintiff. *J. W. Harris*, for defendant.

SIMMONS, C. J. 1. The record discloses that the only witnesses introduced at the trial of this case were the plaintiff and the defendant. The defendant testified orally, and the plaintiff by interrogatories. Their evidence was conflicting as to the merits of the case. The judge charged properly as to the duty of the jury to reconcile testimony where it could be done, but stated that if they could not do so it *became their duty* to believe the witness who had least inducement to swear falsely and the best means of knowing the facts about which he testified. We think this charge was incorrect. While in cases of conflicting testimony the jury may consider the opportunities of a witness of knowing the facts about which he testifies and his interest or want of interest in the case, yet there is no rule of law which requires the jury to believe the witness who has "the least inducement to swear falsely and the best means of knowing the facts about which he testifies." Such a witness may, for other reasons, be entirely unworthy of belief; and certainly it would not then be the duty of the jury to believe him. The credibility of witnesses is a question solely for the jury, and

this is especially so in the present case where the only witnesses sworn were the parties in interest. The act of 1866, allowing parties interested to testify, expressly recites in its preamble that when such witnesses are sworn the jury shall exercise their judgment as to the credit to be given them. *Gabbett* v. *Sparks*, 60 *Ga.* 585. Even where the parties are not themselves witnesses, it is erroneous for the court to instruct the jury as a matter of law that it is their duty to believe certain witnesses or classes of witnesses. *Amis* v. *Cameron*, 55 *Ga.* 449 and cases there cited.

2. The evidence was conflicting. The defendant relied largely upon circumstantial evidence to establish certain of his defenses. To this was opposed the direct evidence of the plaintiff. The court charged: "Circumstantial evidence is just as good and just as convincing and just as reliable as direct and positive evidence, when properly linked together." The comparative weight of circumstantial and direct evidence on any given issue is a question for the jury. On this subject our views are in accord with those expressed in 1 Greenleaf on Evidence (14th ed.), § 13, *n*. See also *Bowie* v. *Maddox & Goldsmith*, 29 *Ga.* 285, where it is said: "It is impossible, therefore, to fix any uniform value upon direct or positive testimony as such. It is equally impossible to fix a uniform value upon circumstantial evidence as such. In many cases the one justly outweighs the other, while in many others the preponderance is precisely reversed."

3. Hudson sued Best upon a promissory note which had been given by Best to one Fowler and by him transferred by blank indorsement to Hudson. Fowler, the payee of the note, was an agent of the Farmers Mutual Insurance Company of Georgia, which undertook to insure against loss by fire, wind, and lightning. The scheme of the company was to get farmers to become members of the company by paying a small sum to the agent for each thousand dollars of property he wished to have protected. Losses were paid by assessing the members. The soliciting agent retained half the membership fee and sent the rest to the home office. Fowler owned the right to work for this company certain territory in the State. He sold Best

a half-interest in ten counties of this territory. Best gave his note in payment, and Fowler at the same time guaranteed that he (Fowler) would secure and put in force $200,000 of insurance in each of five named counties of those in which Best purchased a half-interest. The note was to mature on the first of November next after the giving of the note and guaranty. The guaranty was to be performed by or before the first of January succeeding. As we have stated, the note was sued on by Hudson to whom Fowler had indorsed it. Best's defense was, that the consideration had failed, Fowler not having made good the guaranty; and that Hudson purchased the note after maturity, or that if he had purchased before maturity, he had done so with notice of the failure of Fowler to perform his guaranty. Hudson averred that he had purchased the note before maturity, for value, and without any notice of the guaranty or of the failure to make it good. On this state of facts the court charged as follows: "If Fowler gave a guaranty to do certain things and failed to make good his guaranty to Best, and Hudson took the note with knowledge of the guaranty, then Best by proof of Fowler's failure to make good his guaranty is entitled to a verdict in his favor." "If [the holder] obtained it before maturity with knowledge of the fact of the consideration and of the guaranty, and Fowler failed to carry out the guaranty, then he can not recover." We think these instructions and others to like effect complained of in the motion for a new trial were clearly erroneous. They in substance told the jury that if Hudson took the note before maturity and for value, with a knowledge of the consideration of the note and of Fowler's guaranty to do certain things, the failure of Fowler, even after the note had matured, to make good his guaranty, would release Best from liability to Hudson. In our opinion, Hudson's knowledge of the consideration and of Fowler's guaranty, without any notice at the time of the purchase of the note that Fowler had failed to perform his guaranty, was not sufficient to put Hudson on notice of any defense that Best might have against the note. Hudson may have known for what the note had been given and may have known that Fowler made the guaranty, but this would not be of itself suffi-

cient to put him on notice that Fowler had failed or would fail to perform his agreement. This is especially true when it appears that the guarantor had two months after the maturity of the note to make good his guaranty. If Best, when he informed Hudson of Fowler's guaranty (if he did inform him at all), had told him at the same time that Fowler had failed to perform and would not be able to perform, and that for this reason he had a defense to the note, this might have been sufficient; but as far as the record discloses, Best claims to have informed Hudson only of the consideration of the note and of the guaranty, without intimating that Fowler had failed or would fail to carry out the latter. This applies, of course, to the theory that Hudson was a bona fide purchaser, for value, and before maturity. It would not apply if he purchased after maturity, or if he was not a purchaser for value. In order to release Best, Hudson, if he purchased for value and before maturity, must have had notice of Fowler's failure to perform or such notice as would put an ordinarily prudent person on inquiry. Hudson denied positively that he had any knowledge of the consideration or of the guaranty; but even if he had, such knowledge, without more, would not make him a purchaser with notice of any defense or equity which Best might have against the note. *Bank of Commerce* v. *Barrett, Carter & Co.*, 38 *Ga.* 126.

4. It seems that before Hudson brought his action against Best, they had a conference about the payment of the note, Hudson insisting that he was a bona fide purchaser and Best denying that this was so. They agreed to get the opinion of an attorney on the question. Accordingly, they went to an attorney and each stated his contention. From Best's evidence, it appears that the attorney decided that Hudson was not a bona fide purchaser. Hudson was dissatisfied with this opinion, and proposed consulting another attorney. This they did, and with the same result as before. It does not appear that either party agreed to be in any way bound by the decision of the attorneys consulted. On the trial of the case, Best was allowed to testify, over objection of plaintiff, in regard to these matters, and to state what the attorneys had decided. We think the

court erred in admitting the evidence. At best it was only the opinion of an attorney, not under oath, who had perhaps not fully investigated the law and the facts. It was hearsay evidence and incompetent. Whether Hudson was a bona fide purchaser or not was the question to be decided, under proper instructions, by the jury. They should not have been influenced by the opinions of these attorneys, and it was error to admit the opinions in evidence.

5. Best was allowed to testify as to the consideration of the note and as to the understanding between him and Fowler of the effect of the guaranty. He stated, among other things, that he had purchased the interest in the ten counties with the privilege of doing certain work himself; that each person joining the association was to pay five dollars a thousand; that one half of this was to go to the association at Atlanta, and that one half of the remainder was to go to his account as a credit. These facts do not appear in the note or in the guaranty. The judge, in construing the contract made by the papers introduced, stated as true what Best had sworn, as above recited, and construed the papers with reference to this evidence. Section 4334 of the Civil Code declares it to be error for any judge, in his charge to the jury, to "express or intimate his opinion as to what has or has not been proved," and provides that if any judge shall violate this provision, "such violation shall be held by the Supreme Court to be error, and the decision in such case reversed, and a new trial granted in the court below." The charge as given was a violation of the provisions of the above section, and under it we are compelled to grant a new trial upon this ground.

6. There were various other grounds of complaint in the motion for a new trial, but except as herein indicated there was no material error in any of the rulings which are complained of.

*Judgment reversed. All concurring, except Cobb, J., absent.*