### 4380.  CITIZENS BANK OF VIDALIA *v.* GREENE.

HILL, C. J.  1. "The holder of a note is presumed to be such bona fide, and for value; if either fact is negatived by proof, the defendants are let in to all their defenses."  Civil Code (1910), § 4288.  In the present case neither fact was negatived by proof, but, on the contrary, the presumption was clearly shown to be the fact.

2. A reservation in a negotiable note, of title to the property described therein and for which the note was given, is not sufficient to put a purchaser of the note, for value and before maturity, on notice of any sort of defense to the note.  *Howard* v. *Simpkins,* 70 *Ga.* 325.

3. The fact that the consideration of a note is set out in its face does not carry with it any notice of a failure of consideration, if in fact it has failed; and one who buys the note bona fide, for value and before maturity, is not bound to make inquiry whether there is a failure of consideration.  *Simmons* v. *Council,* 5 *Ga. App.* 386 (63 S. E. 238).

4. Where the payee of a negotiable note transferred it by indorsement to a bank, before due and for a valuable consideration, and, when the note matured, notified the maker to pay it to the bank, such notification was not sufficient to raise any inference against the bona fides of the bank's title to the note.  And when in such case the payee-indorser also requested the bank to bring suit against the maker, the request did not raise an inference that the note was still the property of the payee, or that the bank held it for collection for his benefit.

5. There being no evidence whatever to rebut the presumption that the plaintiff was the holder of the note sued on, bona fide and for value, the defendant, as maker of the note, was not let in to his defense of failure of consideration, and the verdict should have been for the plaintiff.  *Parr* v. *Erickson,* 115 *Ga.* 873 (42 S. E. 240).

*Judgment reversed.*

DECIDED DECEMBER 21, 1912.

Complaint; from city court of Springfield—Judge Smith.  August 9, 1912.

*W. R. Hewlett, Herschel P. Cobb,* for plaintiff.

*R. W. Sheppard,* for defendant.