### 4578. BROOKS v. FLOYD.

This case is controlled by the decision of this court in *Simmons* v. *Council,* 5 *Ga. App.* 386 (63 S. E. 238). See, also, *Hudson* v. *Best,* 104 *Ga.* 131, 134 (30 S. E. 688) ; *Citizens Bank* v. *Greene,* ante, 49.

DECIDED MARCH 18, 1913. REHEARING DENIED APRIL 16, 1913.

Complaint; from city court of Monroe—Judge Stone. December 4, 1912.

*J. H. Felker,* for plaintiff.

*O. Roberts,* for defendant.

HILL, C. J.   The plaintiff in error brought suit on a promissory note, of which the following is a copy:

"150.00.                          Loganville, Ga., Aug. 15th, 1911.

On March 6th, 1912, after date, I promise to pay to the order of myself one hundred and fifty dollars at any bank, value received. This note given for two shares of stock in Athens Ins. agency as agreed to under contract.  With interest at the rate of 6 per cent. per annum from date.   And we, whether maker, indorser, or surety, do hereby each and severally waive and renounce, for ourselves and families respectively, all rights to homestead and exemption of personalty that we may have under the constitution and laws of this State, or of the United States, as against this note or any renewal thereof.  And we agree to pay all costs of collecting the same, including ten per cent. of principal and interest as attorney's fees, should we or either of us fail to pay this note on or before the return day of the court to which suit will be brought for collection of the same after the holder of this note, his agent or attorney, has notified in writing, ten days before suit is brought, of his intention to bring suit, and of the court and term of the court to which suit will be brought.  And each of us hereby waive demand, protest, notice of demand, protest, and non-payment.   Witness my hand and seal.   Chas. S. Floyd."  Indorsed: "Chas. S. Floyd."   Verdict was rendered in favor of the defendant, and the plaintiff's motion for a new trial was overruled.

The defense relied upon was a total failure of consideration, it being alleged that the consideration of the note was two shares of the capital stock of the Athens Insurance Agency, of the par value of $75, and that the Athens Insurance Agency, through its agent, made the following contract contemporaneously with the execution of the note, to wit: "Loganville, Ga., Aug. 11, 1911.   I have this day sold to Dr. C. S. Floyd two shares of stock in the Athens Insurance Agency, and guarantee him an 8% dividend on same on March 6th, 1912, and all over this amount the agency may earn.   It is further agreed and understood that Dr. Floyd is to have all examinations for insurance in the Jefferson Standard Life Ins. Co., in his territory, and if we do not give him enough examinations

to pay for said stock before his note becomes due on March 6th, 1912, we are to give him an extension of time on said note until the same examinations amount to an equal amount of said note. It is further agreed that if for any cause Dr. Floyd is not perfectly satisfied with said stock on March 6th, 1912, we are to sell same for him for as much as he paid for it, without cost or charge to him." This was signed, "Athens Insurance Agency, per W. S. West, Supervisor of Agts." The defendant, Floyd, to whose order the note was payable, indorsed it before maturity, and sold it, for value, to Brooks, the plaintiff.

It was not insisted that the plaintiff had any actual knowledge that the consideration of the note had failed, or that he knew what was the consideration of the note at the time he bought it, other than as stated in the note. It is insisted that the words "as agreed to under contract," written in the note, were sufficient to put the purchaser of the note on inquiry as to the consideration, and by such inquiry he would have found out the fact that the consideration had failed. We do not agree to the soundness of this contention. It is well settled in this State, by repeated rulings of this court and of the Supreme Court, that the fact that the consideration of a note is set forth on its face does not carry with it notice of a failure of consideration (if it has failed) to a person taking it bona fide; nor is such person, by this expression of the consideration, put upon inquiry as to whether or not the consideration expressed had failed. *Simmons* v. *Council,* 5 *Ga. App.* 386 (63 S. E. 238), and cit. It is said in 7 Cyc. 948: "By the decided weight of authority, the recital in a note of the consideration for which it was given is not of itself sufficient to apprise a purchaser of the failure of the same, or to put him on inquiry concerning such failure." The case of *Hudson* v. *Best,* 104 *Ga.* 131 (30 S. E. 688), is really controlling on the point now under consideration. See, also, *Citizens Bank* v. *Greene,* ante, 49.            *Judgment reversed.*