### 4811.　McMILLAN *v.* FIRST NATIONAL BANK OF VALDOSTA.

There was no evidence which would have authorized a finding either that the consideration of the note sued on had failed, or that the plaintiff was not a bona fide purchaser for value before maturity. The verdict in favor of the plaintiff was properly directed.

DECIDED JUNE 25, 1913.

Complaint; from Colquitt superior court—Judge Thomas. March 8, 1913.

*Shipp & Kline,* for plaintiff in error.
*Patterson & Copeland,* contra.

POTTLE, J. This was a suit on a note antedating the act of 1912 which requires that notes given for mining stock shall state their consideration. The defendant pleaded non est factum; that the consideration of the note was mining stock which was worthless, and for this reason the consideration wholly failed; and that the plaintiff was not a bona fide purchaser for value. The court directed a verdict in favor of the plaintiff, and overruled the defendant's motion for a new trial.

It appears, from the evidence, that Stump, the payee of the note, sold to the maker a number of shares of mining stock in the Georgia-Nevada Mining Company, and that the defendant executed the note sued on in payment for this stock. The note was discounted by the plaintiff bank before its maturity, the bank paying for the note its face value, less a discount of 8 per cent. At the time the note was discounted Stump was indebted to the bank on a promissory note, and the proceeds of the note sued on were applied as follows: $200 to Stump's indebtedness to the bank; $300 in cash to Stump, and $500 by check made payable to Stump, which was later indorsed over to and collected by one

Scott, who was jointly interested with Stump in the mining company. The defendant testified that at the time of the execution of the note Stump represented to him that the mining stock was valuable, and that in a short time it would pay $1,000 in dividends, and would keep on paying dividends regularly; and he testified that he had never received any dividends on the stock. Some two or three months prior to the execution of the note the plaintiff bank, through its president, Ashley, was informed by an attorney, who represented the maker of a similar note, that Stump was engaged in selling worthless mining stock, and advised Ashley not to discount the note of his client. Ashley knew that the consideration of the note sued on was mining stock, but did not know of any agreement between Stump and the maker of the note in reference to the payment of dividends, and did not know that the consideration of the note had failed. The note was payable to Stump, who received the proceeds of the same, and the bank had no knowledge in reference to any agreement as to the disbursement of the proceeds of the note.

The case turns on the question whether the consideration of the note had failed, and whether the bank was an innocent purchaser for value before maturity. There was no evidence which would warrant the inference that the bank knew the consideration of the note had failed, or that it had knowledge of any circumstances which would place a prudent person upon his guard in purchasing negotiable paper. Civil Code, § 4291. Knowledge by the bank that the note was given for mining stock was not sufficient to put it on inquiry in reference to the failure of consideration. *Brooks* v. *Floyd*, 12 *Ga. App.* 530 (77 S. E. 877). The statement made to Ashley by the attorney was no more than an expression of the attorney's opinion, without stating any facts or information which would bring home to Ashley knowledge of the worthless character of the note; being no more than a loose statement by the attorney that Stump was engaged in the business of selling worthless mining stock. It does not appear even that the stock sold to the defendant by Stump was of the character of stock referred to by the attorney in his conversation with Ashley. But the discussion in reference to whether the plaintiff bank knew that the consideration of the note had failed is really unimportant, because the evidence wholly fails to show that the stock was worthless.

There is no evidence from which the jury could rightly infer that the stock was not worth the amount the defendant agreed to pay for it and for which he gave his note. It does appear that there was a mining company known as the Georgia-Nevada Mining Company, in which both Scott and Stump were interested, that this company owned a large number of acres of land in the State of Nevada, which it had bought for the purpose of developing a mine, and that Scott had gone to Nevada and engaged in an effort to develop the property and make it pay; and there is no testimony nor any circumstance proved from which it could legitimately be inferred that the stock was worthless. One who buys mining stock must necessarily know that his venture is to a large extent speculative in character. He can not defeat a note given for the purchase-price merely because the venture turned out badly or was not as profitable as he thought it would be. In order to sustain a plea of failure of consideration he must show that the payee of the note acted in bad faith, that the stock was worthless at the time the note was given, and that the payee knew this fact when the sale was negotiated. Nothing of this sort appears in the evidence in the present case, nor was it shown even that the stock was worthless at the time of the trial. No other verdict could properly have been found than the one directed by the court, and the defendant's motion for a new trial was properly overruled. In the foregoing discussion we have treated the alleged newly discovered evidence as though it had been introduced and admitted at the trial. It could not have produced a different result.

Proof of the execution of the note made a prima facie case for the plaintiff, and there was no evidence which would have warranted a contrary finding.                    *Judgment affirmed.*