## McMANUS *v*. CASH GROCERY COMPANY.

LUMPKIN, J. 1. Where suit was brought upon a promissory note against one defendant as maker thereof, and the other as indorser, and on the trial the defendants admitted a prima facie case, assumed the burden of proof, and proceeded to introduce evidence, this was sufficient to show that the note had been made by the alleged principal defendant and had been indorsed to the plaintiff by the other defendant.

2. Where a negotiable promissory note is sued on by an indorsee thereof, in the absence of any evidence to the contrary the presumption is that it was indorsed for value and before due. *Bank of Stewart County* v. *Adams*, 96 *Ga.* 529 (23 S. E. 496).

3. The mere fact that an indorsee of a negotiable promissory note, taken by him for value, has notice that the note was given to the payee for commissions as a real-estate agent, is not sufficient to put him on notice or inquiry as to whether the consideration failed. *Howard* v. *Simpkins*, 70 *Ga.* 322.

4. Although a person may not have registered and paid the tax required of a real-estate agent, this will not prevent a recovery upon a promissory note given to him for commissions in connection with selling property. *Toole* v. *Wiregrass Development Company*, 142 *Ga.* 57 (82 S. E. 514).           *Judgment affirmed. All the Justices concur.*

JUNE 30, 1915.

Complaint. Before Judge Conyers. Jeff Davis superior court. February 17, 1914.

*S. D. Dell,* for plaintiff in error.

*J. C. Bennett* and *J. M. Swain Jr.,* contra.