## 8190. TURNER LUMBER CO. *v.* HENDERSON LUMBER CO.

1. The covenant of general warranty of title to the timber described in the conveyance on which was based the defendant's claim of breach of warranty is to be construed in connection with the other parts of the deed and with the contemporaneous written agreement of the parties to the conveyance. "If a deed purport to convey the right, title, and interest of the grantor in and to certain described realty, instead of conveying the realty itself, the covenants in the deed will be limited to the right or interest which the grantor has in the property." The conveyance here construed, however, although it expressly conveys the grantor's "right, title, and interest" in the timber described, contains language which, taken in connection with the contemporaneous written agreement, shows that it was intended to operate as a conveyance of the timber itself; and therefore the covenant of general warranty is not to be construed as limited to the right or interest of the grantor.

2. The jury were authorized to find that there was a breach of warranty of title to the timber which was the consideration of the note sued on, and that such other facts existed as were necessary to sustain the plea of failure of consideration; and, under the evidence, it was a question for the jury whether the circumstances were sufficient to have put the plaintiff on notice of this defense before purchasing the note.

DECIDED JULY 26, 1917. REHEARING DENIED AUGUST 2, 1917.

Complaint; from Irwin superior court—Judge George. August 18, 1916.

The J. C. Turner Lumber Company, as transferee, sued the Henderson Lumber Company upon a promissory note of the Dickson-Henderson Lumber Company (the name of which was changed to Henderson Lumber Company), for $6,860 principal, besides interest and attorneys' fees, dated December 11, 1907, and payable June 10, 1908, to the Taylor-Cook Cypress Company. The note recites that it "is a renewal of note given for timber on lot 165 in 4th district Irwin county, Georgia, under contract dated Aug. 13th, 1906." A deed dated August 13, 1906, from the Taylor-Cook Cypress Company to the Henderson Lumber Company, refers to notes which include the original note, and states that in consideration thereof the party of the first part "has granted, bargained, sold, and conveyed, and does by these presents grant, bargain, sell, and convey unto the said party of the second part, and to its successors, heirs, and assigns, all its right, title, and interest in and to the following described timber in Irwin county, Georgia, to wit: "the timber on lot number one hundred and sixty-five" etc., "more particularly described in a deed of conveyance from

Dickson & Dorminy . . to the Garbutt Lumber Company, . . recorded" in a designated book; which deed conveyed the timber described. Certain timber upon other described lots of land and for other and different considerations was also conveyed by this deed. In the habendum clause of the deed is the following language: "together with all and singular the rights, members, easements, hereditaments, and appurtenances unto the same belonging or in any wise appertaining; it being the intention hereby to transfer, assign, and convey unto the said party of the second part, its successors, heirs, and assigns, all of the rights, powers, privileges, *and timber* [italics ours] described in the respective conveyances hereinbefore referred to and thereby undertaken to be conveyed, and no more, and excepting herefrom any such timber as may have heretofore been cut and removed." The covenant of warranty in the deed is as follows: "And the said party of the first part, for itself, its successors, and assigns, will warrant and forever defend unto the said party of the second part, its successors, heirs, and assigns, the right and title to the above-described property against the claims of itself, the said first party, and of all persons claiming by, through, or under it, and as well against the claim or claims of all and every other person or persons whomsoever, claiming or to claim the same." The note sued on in this case was the last to mature of the purchase-money notes, and it was stipulated in the deed that no timber on any tract should be cut or removed until payment of the notes given therefor.

On the date of the execution of the original note and deed the Taylor-Cook Cypress Company and the Henderson Lumber Company entered into an agreement which refers to the making of the deed and the stipulations therein contained, and recites: "Whereas the said first party has this day made, executed, and delivered unto the second party a deed of conveyance to certain timber, including certain timber upon land lot number one hundred and sixty-five (No. 165) in the fourth land district, Irwin county, Georgia, in which deed of conveyance it is stipulated that the said second party should have no right to cut any of said timber until a certain promissory note for sixty-eight hundred and sixty dollars therein described had been paid off in full; and whereas the aforesaid deed of conveyance is a warranty deed, and the parties desire to ascertain formally whether there is any valid outstand-

ing claim to any portion of said timber upon said land lot No. 165 as promptly as possible, and for that reason the second party desires to cut some portion of the timber from said lot No. 165, in order to bring on a litigation as to the title to said timber, if any such there is to be; now, therefore, in consideration of the premises and of the sum of ten ($10.00) dollars cash to the first party by the second party paid (the receipt whereof is hereby acknowledged), the first party agrees that the second party, its successors, heirs, and assigns, may, without the prior payment of said promissory note, proceed to cut not more than ten acres of said timber on said lot 165, without prejudice, however, to the validity and binding force of the aforesaid promissory note; and whereas, the two last of the notes for the purchase price of the property conveyed are recited in said deed as being due six (6) and nine (9) months respectively after the date thereof, but by subsequent agreement between the parties, as a part of said transaction, the due dates of said two notes, to wit, for $4,200.00 and $6,860.00 principal respectively, are and shall be in accordance with said subsequent agreement, nine (9) and twelve (12) months respectively from date, instead of six and nine months as recited in said deed of conveyance." This agreement was properly executed and duly recorded.

The Henderson Lumber Company filed an answer, in which a prima facie case for the plaintiff was admitted, and which in effect was a plea of total failure of consideration, showing that the note sued on was a renewal of a note given on August 13, 1906, for the purchase price of the timber on lot 165 in the 4th district of Irwin county, Georgia; that the Taylor-Cook Cypress Company, when it conveyed the timber to the defendant, did not have title thereto; that this was unknown to defendant then and at the time it gave the several renewal notes, including that sued on; that the plaintiff was not a bona fide holder for value of the note, but that when the note was assigned to it, and even at the time of its execution, this lack of consideration was known to it, and that the Taylor-Cook Cypress Company was insolvent. In amplification of its plea of failure of consideration, the defendant showed that before it became possible for it to enter upon the said premises for the purpose of removing timber, the Taylor-Cook Cypress Company became involved in litiga-

tion as to its title thereto, and that during that time and before an adjustment of the title, whereby the Taylor-Cook Cypress Company became the actual owner of the timber, the then true owner allowed the boxing of the timber and the removal of the turpentine thereform, and also caused the removal of a certain portion of the bargained timber for cross-ties; that, despite the fact that the price of lumber had enhanced, the timber on said tract was, by reason of these facts, worth much less than when it was conveyed to defendant. The defendant further alleged that before the Taylor-Cook Cypress Company came into actual and legal possession of the remainder of the bargained property, the defendant had been forced to move its tramroad and machinery from that vicinity, and that for this reason the timber had become entirely worthless to it.

The trial of the case resulted in a verdict for the defendant. The plaintiff filed a motion for a new trial, on the general grounds that the verdict was contrary to law and the evidence, etc., and, the motion being overruled, exceptions were taken.

*Philip Newbern, Wilson & Bennett,* for plaintiff.

*Quincey & Rice, Eldridge Cutts,* for defendant.

JENKINS, J. (After stating the foregoing facts.)

1. If the conveyance which constituted the consideration of the original note was merely of such right, title, and interest in the timber described as belonged to the grantor, then the maker of the note could not plead a failure of consideration, by reason of the assertion of the enforcement of a paramount title outstanding against the grantor at the time of the execution of the conveyance. Therefore, the first question for determination is whether the intent of the instrument quoted from was to convey the timber itself as described, with a warranty of title thereto, or whether it sought only to pass such right, title, and interest as the grantor had and owned therein. In *White* v. *Stewart,* 131 *Ga.* 460 (62 S. E. 590, 15 Ann. Cas. 1198), it was held: "If a deed purport to convey the right, title, and interest of the grantor in and to certain described realty, instead of conveying the realty itself, the covenants in the deed will be limited to the right or interest which the grantor has in the property. . . Covenants of title do not apply to land not included in the conveyance." The principle of law thus laid down appears to be well settled by the decisions of

various courts and has been clearly stated by text-book writers. In *McDonough* v. *Martin,* 88 *Ga.* 675 (16 S. E. 59, 18 L. R. A. 343), the Supreme Court of this State said: "If the conveyance is only of the grantor's right, title, and interest in the land, the scope of it is not enlarged by a general covenant, but such covenant must be limited. to fit the subject conveyed;" citing 1 Warvelle on Vendors, 421. (§ 8); Allen *v.* Holton, 20 Pick. (Mass.) 458; Sweet *v.* Brown, 12 Met. (Mass.) 175 (45 Am. D. 243); McNear *v.* McComber, 18 Iowa, 12; Gee *v.* Moore, 14 Cal. 472; Kimball *v.* Semple, 25 Cal. 440; Bates *v.* Foster, 59 Me. 157 (8 Am. R. 406); Gibson *v.* Chouteau, 39 Mo. 536; Young *v.* Clippinger, 14 Kans. 148; Stockwell *v.* Couillard, 129 Mass. 231. Thus it clearly appears that the conveyance under consideration can not be adjudged a warranty deed merely because the covenant of warranty itself is general and purports to warrant the title to the bargained timber against the claims of all persons whomsoever. As we have already seen, the scope of the conveyance is measured and limited by the terms of the grant itself, and is not to be enlarged by general terms in the covenant of warranty, should they obligate the grantor to defend that which it was not the intention of the instrument to convey. See also: Coe *v.* Persons Unknown, 43 Me. 436; Hanrick *v.* Patrick, 119 U. S. 156 (7 Sup. Ct. 147, 30 L. ed. 396); Emeric *v.* Alvarado, 90 Cal. 444 (27 Pac. 356).

In the *McDonough* case, supra, the granting clause of the deed contained this language: "Said parties of the first part . . have granted, bargained, sold, remised, conveyed, released, and quitclaimed, and by these presents do grant, bargain, sell, remise, convey, release, and forever quitclaim unto said parties of the second part, in their full possession and seizin, and to their heirs and assigns, the following lots of land, and all the estate, right, title, interest, use, trust, property, claim, and demand whatsoever, both at law and in equity, of said parties of the first part of, in, to, or out of all those lots, tracts, or parcels of land," etc. The deed in that case contained a clause of warranty against those claiming under the grantor, but did not contain the usual covenant of general warranty. The question there involved was whether such a covenant could be implied from a recital contained in the instrument that title was in the grantor, as evidenced by a certain deed; and it was held: "Where the terms of a deed of conveyance, tak-

ing the whole together, show that the instrument is in its essence a quitclaim title, and that the makers intended no warranty except as against themselves and their own acts, a failure of the title to two of the lots out of a great number covered by the conveyance, by reason of the existence of a previous outstanding better title, will be no breach of any implied covenant arising out of a recital of facts or out of the use of words of conveyance, no fraud or intentional misrepresentation being alleged. Nor will the failure of the vendees to get or to hold possession of such two lots, without any fraud or misconduct on the part of the vendors, constitute a defense to an action for the purchase-money or any part thereof." In the opinion in that case it was said: "The true rule is to view the recital in the light cast on it by the rest of the deed and give effect to the intention as a consistent whole." Thus it is that in construing the instrument now under consideration, the intent is to be ascertained from the language employed in the entire instrument, including the agreement entered into by the same parties and on the same date which purports to express the meaning and intent of the original instrument. While it is true that the covenant of general and unlimited warranty could not by and of itself be held sufficient to enlarge the estate conveyed, if the terms of the grant are otherwise plainly restricted, still in arriving at the true intent and meaning of the instrument such a covenant, together with all else contained in the writings, should be weighed and considered together. Bevan *v.* Muir, 53 Wash. 54 (101 Pac. 485, 32 L. R. A. (N. S.) 588, 598, and note).

In the instrument before us the "right, title, and interest" of the grantor in and to the timber on lot number 165 is conveyed, and the title thereto is warranted both as against those claiming under the grantor and as against the claims of all persons whomsoever. A more particular description of the subject-matter of the sale is made therein by reference to a former recorded deed from Dickson & Dorminy to the Garbutt Lumber Company, which conveyed the timber described; and the habendum clause of the deed now under consideration contains this statement: "It being the intention hereby to transfer, assign, and convey unto the said party of the second part, its successors, heirs, and assigns, all of the rights, powers, privileges, *and timber* [italics ours] described in the respective conveyances hereinbefore referred to and thereby

undertaken to be conveyed, and no more, and excepting herefrom any such timber as may have heretofore been cut and removed." It would thus seem that the true purpose and intent of the grantor was to sell the "timber described in the respective conveyances hereinbefore referred to," as well as the "rights, powers, and privileges" belonging to the grantor therein, except that it was the purpose of the grantor to make plain his intent not to include in such sale any timber, which might have been embraced in the recorded description referred to but subsequently removed, but to include only such timber as remained on the described premises at the date of the conveyance to the defendant. The light which this clause appears to us to throw upon the meaning and intent of the instrument, when taken in connection with the express statement contained in the collateral agreement, wherein it is stated in plain and unambiguous terms that the original conveyance was in fact a warranty deed, and when construed also in the light of the clearly expressed general and unlimited covenant of warranty contained in the deed itself, brings us to the conclusion that the deed from the Taylor-Cook Cypress Company to the Henderson Lumber Company must be held to contain a general and valid warranty of title.

2. We are satisfied that the jury were authorized to find that there was a breach of the warranty and that such other facts existed as were necessary to sustain the plea of failure of consideration. The only remaining question, therefore, is whether or not the plaintiff occupied the position of a bona fide holder of the note sued on, and consequently was not subject to such a defense. The learned counsel for the plaintiff in error, in their very able brief, contend that since the holder of a negotiable note is presumed to be the bona fide owner thereof and for value, and that a prima facie case was admitted by the defendant in its answer, the verdict can not be sustained, because the defendant has failed to negative either of these facts necessary to its defense. This, of course, it was incumbent upon defendant to do. *First National Bank of Etowah* v. *Messer*, 136 *Ga.* 226 (71 S. E. 148) ; *Spiller-Beall Co.* v. *Hirsch*, 18 *Ga. App.* 450 (3) (89 S. E. 587). The note sued on recited on its face that it was a renewal of the note given for timber on lot 165 in the fourth district of Irwin county, under contract dated August 13, 1906. This recital is sufficient to carry

with it such notice as to charge a purchaser with knowledge of the contract to which reference is made. *Montgomery* v. *Hunt,* 93 *Ga.* 438 (28 S. E. 59); *Adams* v. *Hatfield,* 17 *Ga. App.* 680 (87 S. E. 1099); Davis *v.* Brown, 94 U. S. 423 (24 L. ed. 204); Wood *v.* Ridgeville College, 114 Ind. 320 (16 N. E. 619); 7 Cyc. 956 IX; McNamara *v.* Gorgett, 68 Mich. 454 (36 N. W. 218, 13 Am. St. R. 355); Sutton *v.* Beckwith, 68 Mich. 303 (36 N. W. 79, 13 Am. St. R. 344); McClelland *v.* Norfolk Railroad Co., 110 N. Y. 469 (18 N. E. 237, 1 L. R. A. 299, 6 Am. St. R. 397); McClure *v.* Oxford, 94 U. S. 429 (24 L. ed. 129); *Williams* v. *Moody,* 95 *Ga.* 8 (22 S. E. 30). Despite this being true, however, it is a well-recognized principle of law that knowledge by the purchaser of a negotiable instrument as to what constitutes the consideration thereof, even though such be recited in the face of the note itself, does not deprive the holder of his rights as a bona fide purchaser, unless he has also what amounts to notice that such consideration has failed. *Spiller-Beall Co.* v. *Hirsch,* supra; *Bank* v. *Barrett,* 38 *Ga.* 126 (95 Am. D. 384); *Post* v. *A. & W. P. R. Co.,* 99 *Ga.* 232 (25 S. E. 405); *Citizens Bank* v. *Greene,* 12 *Ga. App.* 49 (76 S. E. 795); *Simmons* v. *Council,* 5 *Ga. App.* 286 (63 S. E. 238); *Brooks* v. *Floyd,* 12 *Ga. App.* 530 (77 S. E. 877); *Hudson* v. *Best,* 104 *Ga.* 131 (30 S. E. 688); *Stubbs* v. *Bank,* 12 *Ga. App.* 539 (77 S. E. 893); *McMillan* v. *Bank,* 13 *Ga. App.* 23 (78 S. E. 734); *Morrison* v. *Hart,* 122 *Ga.* 660 (50 S. E. 471); *McManus* v. *Cash Co.,* 143 *Ga.* 623 (85 S. E. 858). Section 4291 of the Civil Code of 1910 declares that "Any circumstances which would place a prudent man upon his guard, in purchasing negotiable paper, shall be sufficient to constitute notice to a purchaser of such paper before it is due." It was held by this court in *Park* v. *Buxton,* 10 *Ga. App.* 356 (73 S. E. 557), that "The character and sufficiency of the circumstances in a particular case which should place a prudent man on his guard are to be determined as questions of fact by the jury, and not by the judge as questions of law."

In addition to what has been outlined in the statement of facts preceding this opinion, it was shown, that J. C. Turner was the president both of the Taylor-Cook Cypress Company, the payee of the note, and of the J. C. Turner Lumber Company, the plaintiff, and that as president of the former company he signed the deed we have heretofore discussed, for the sale of the timber involved

44

in the suit; that the treasurer of the Taylor-Cook Cypress Company was the vice-president of the Turner Lumber Company, and that J. C. Turner was the principal stockholder in each of the corporations. It was also shown that the J. C. Turner Lumber Company held, as security for a debt of $100,000, a trust mortgage given by the Taylor-Cook Cypress Company on the mortgagor's property, including the timber conveyed to the defendant, and that a release of this lien was procured by J. C. Turner, as president of the plaintiff company, in favor of the defendant, in order to effect the sale, and that it was in consideration of this release that the note was assigned to the plaintiff. While we think the consideration of the note sued on was the sale of the timber, and not, properly speaking, the release of the mortgage by the J. C. Turner Lumber Company, still we think the facts and circumstances we have enumerated could properly be considered by the jury in determining whether there were circumstances which should have reasonably put the plaintiff company on notice in the purchase of the note. If it could properly be said that the consideration for the note had been actually furnished by the plaintiff, that fact of itself would be sufficient to take from the plaintiff the status of a bona fide holder. *Empire Insurance Co.* v. *Avery, 3 Ga. App.* 97 (59 S. E. 324). Thus it was that the plaintiff, under the foregoing circumstances, came into possession of the note for the stated purchase price of certain timber, under contract of sale, which included a warranty of title, as we have construed that instrument; and it is seen, from the amended agreement relating to the sale, that doubt was expressed as to the title to the timber, and an arrangement was made whereby the title might be tested as speedily as possible.

In view of all these circumstances, taken together, we think it was properly a question for the jury, under the evidence, to determine whether the purchase was bona fide, or whether there was enough to have placed the plaintiff company on its guard before becoming the owner of the paper.

*Judgment affirmed. Broyles, P. J., and Bloodworth, J., concur.*