## 9869. THE COSMOPOLITAN LIFE INSURANCE CO. *v.* HEAD.

1. Where suit against the maker of a promissory note originally payable to his own order and indorsed by him in blank was brought thereon by a corporation entitled "The" Cosmopolitan Life Insurance Company, to which company it was indorsed in the name of another corporation by the insurance commissioner of this State, signing thus: "Cosmopolitan Insurance Company, by Wm. A. Wright, Ins. Com'r, State of Georgia, in charge," the plaintiff was entitled to the benefit of the presumption that it was a bona fide purchaser of the note, before maturity, without notice of the defense set up by the maker's plea of failure of consideration. The fact that the transfer of such a note is by the insurance commissioner, described as "in charge," does not prevent this presumption from applying.
2. The receipt offered in evidence by the defendant, signed in the name of "Cosmopolitan Insurance Company," was properly excluded.
3. There being no evidence to overcome the prima facie case in favor of the plaintiff, the verdict for the plaintiff necessarily followed; and the judgment of the trial judge, granting a new trial to the defendant, must be reversed.

DECIDED JANUARY 14, 1919.

Complaint; from Whitfield superior court—Judge Tarver.    May 11, 1918.

The consideration recited in the note sued on was "value received."   The defendant pleaded failure of consideration, and alleged: "The note sued upon . . was executed as a part of an offer to purchase two shares of the capital stock of the Cosmopolitan Life Insurance Company of Atlanta, Georgia; . . no stock has ever been issued and tendered to defendant in compliance with the consideration in said note.   On the date of the execution of said note said Cosmopolitan Life Insurance Company executed and delivered to defendant receipt for said note, stipulating in said receipt the consideration mentioned in said note, and agreeing in said receipt to notify defendant if his subscription to said stock was accepted, and agreeing therein to promptly return said note if the settlement for said subscription to said stock was not accepted. Defendant . . was never notified that his subscription to said stock and the note given therefor was accepted by said Cosmopolitan Life Insurance Company.   Therefore the consideration of said note . . has wholly and entirely failed. . .   The defendant, for further plea, avers that after said note became due, the company became insolvent, and the Hon. William A. Wright, insurance commissioner of the State of Georgia, took over the affairs, the assets, and all of the property of the said Cosmopolitan Life Insurance Company, as evidenced by his indorsement on the back of said note.   Said company is now unable to comply with the contract made with this defendant in the effort of the defendant to purchase said stock."

On the trial the plaintiff introduced in evidence the note sued on, and closed.   The only evidence offered by the defendant was the receipt set out in the second division of the following opinion. The receipt bore the same date as the note.   The court excluded it from evidence on objection by plaintiff's counsel, on the ground that it was signed by Cosmopolitan Life Insurance Company, and that the suit was by The Cosmopolitan Insurance Company.   The court directed a verdict for the plaintiff, but, on motion for a new trial, set it aside and granted a new trial; to which the plaintiff excepted.   The exclusion of the receipt is complained of in the motion for a new trial as follows: "Movant says that the action of the court in excluding the paper on the objection was error,

because, being executed contemporaneously with the signing of the note, it showed that the note was an offer to purchase stock in Cosmopolitan Life Insurance Company, movant being prepared to show, as he insists, and intending to show by other evidence upon the introduction of the paper, that such acceptance by Cosmopolitan Life Insurance Company had never been made; movant further insisting that the plaintiff in this case, having purchased the note from the insurance commissioner of the State of Georgia, who had taken possession of it as part of the assets of the payee, upon the insolvency of the payee and by virtue of his office as insurance commissioner, was not a bona fide purchaser for value before due, so as to cut out defendant's defense to the note, but was the purchaser of said note at a judicial sale, and acquired no better rights than those of the original payee, Cosmopolitan Life Insurance Company." To this ground the court added a note that "no statement was made by counsel as to what evidence they proposed to offer in connection with the receipt."

*Moise & Riddell,* for plaintiff.

*Maddox, McCamy & Shumate,* for defendant.

WADE, C. J. 1. The note sued upon was by its terms payable to the order of the maker. It appears to have been simply indorsed by him, "H. J. Head," and to have been further indorsed as follows: "Pay to The Cosmopolitan Life Ins. Co. of Atlanta, Ga., or order. Cosmopolitan Life Insurance Company, by Wm. A. Wright, Ins. Com'r, State of Georgia, in charge." "Cosmopolitan Life Insurance Company" and "The Cosmopolitan Life Insurance Company" were entirely different and distinct corporations. Suit thereon was brought by "The Cosmopolitan Life Ins. Company," as holder. "A promissory note payable to the order of the maker thereof and properly indorsed by him is a negotiable instrument, and the holder is presumed to be such bona fide and for value, and is protected from any defense set up by the maker, acceptor, or indorser, except non est factum, gambling, or immoral and illegal consideration, or fraud in its procurement by the holder." *Pryor* v. *American Trust &c. Co.,* 15 Ga. App. 822 (84 S. E. 312); Civil Code (1910), §§ 4286, 4288. None of these defenses were pleaded in the instant case. Knowledge on the part of a bona fide holder of a negotiable note that it was given in consideration of an executory contract or agreement of the payee, even though

the consideration be expressed in the instrument itself, will not deprive the indorsee of the character of a bona fide holder, unless he had notice of the breach of such agreement by the payee; and it has been often held that such a transferee is not bound to make inquiry as to whether or not there has been such a failure. *Bank of Commerce* v. *Barrett,* 38 *Ga.* 126 (95 Am. D. 384); *Post* v. *Abbeville & Waycross Railroad Co.,* 99 *Ga.* 232 (25 S. E. 405); *Citizens Bank of Vidalia* v. *Green,* 12 *Ga. App.* 49 (76 S. E. 795); *Simmons* v. *Council,* 5 *Ga. App.* 386 (63 S. E. 238); *Brooks* v. *Floyd,* 12 *Ga. App.* 530 (77 S. E. 877); *Fryer* v. *State,* 12 *Ga. App.* 533 (77 S. E. 830); *McMillan* v. *First. National Bank,* 13 *Ga. App.* 23 (78 S. E. 734); *Hudson* v. *Best,* 104 *Ga.* 131 (30 S. E. 688); 3 R. C. L. 1067, § 273. Defendant, however, contends that the indorsement "Cosmopolitan Life Ins. Co., by Wm. A. Wright, Ins. Com'r. State of Georgia, in charge," was a sufficient fact of itself to prevent the presumption from applying that the plaintiff was a bona fide purchaser without notice. This contention is without merit. In *Wade* v. *Elliott,* 11 *Ga. App.* 646 (75 S. E. 989), it was held that the law presumes that a holder of a negotiable paper bought it before maturity and for value, and that a transfer by a bankrupt court did not prevent the transferee from being a bona fide purchaser.

2. The following documentary evidence was inadmissible: "Cosmopolitan Life Insurance Company of Atlanta, Ga.

Series No. 2-A 39                        No. Shares 2.
Receipt for stock settlement.

Receipt.                                       $400.

Received of H. J. Head four hundred dollars (note) $400, in full payment for two shares of the capital stock of the Cosmopolitan Life Insurance Company, of Atlanta, Ga. It is understood that no person except an executive officer of the company has or shall have power to bind the company by the making of any contract for the acceptance of the subscription of the same number as this receipt. If the settlement is accepted, notice will be promptly mailed. If not accepted the settlement will be promptly returned. Not valid unless countersigned by the agent. Dated at Tunnel Hill, Ga., 6/28/1912.

J. L. Holbrook, Agent, Cosmopolitan Life Insurance Company."

A transferee of a negotiable paper who receives it before it is

due cannot be affected by an agreement between other parties thereto, in the absence of notice. *Dorris* v. *Farmers & Merchants Bank*, 22 *Ga. App.* 514 (96 S. E. 450). It will be noted that the receipt is signed by "Cosmopolitan Life Insurance Company," an entirely different and distinct corporation from "The Cosmopolitan Life Insurance Company," which sued on the note. No statement was made by counsel as to what evidence they proposed to offer in connection with the receipt, and no foundation was laid for its introduction, and the rejection thereof was therefore proper. See *Hatcher* v. *National Bank*, 79 *Ga.* 542 (2) 544 (5 S. E. 109).

3. The defendant, having admitted a prima facie case, thereby assumed the onus of proving his defense, and there being no evidence whatever introduced in his behalf, a verdict in favor of the plaintiff was demanded; the trial judge did not err in directing such a verdict, and his judgment granting a first new trial to the defendant must be

*Reversed. Jenkins and Luke, JJ., concur.*