BANK OF COMMERCE, plaintiff in error, *vs.* BARRETT, CAR-
TER & Co., *et al.*, defendants in error.

The fact that the consideration of a note is set forth on its face, does not
carry with it notice of the failure of consideration, if it has failed, to
a person taking it *bona fide*, nor is he *ipso facto* put upon inquiry, and
bound to inquire whether the consideration has failed.

Assumpsit. Motion for new trial. Decided by Judge
Snead. City Court of Augusta. May Term, 1868.

The Bank of Commerce sued Barrett, Carter & Co., as
makers, and T. G. Barrett, as endorser on a promissory
note, in these words :

"$500:                                     AUGUSTA, GA. Aug. 5, 1866.
One hundred and twenty days after date, we promise to pay to the
order of Thomas G. Barrett, five hundred dollars, in consolidation of
National Express and Transportation Company, value received, with in-
terest after thirty days.                  BARRETT, CARTER & Co.
     (Endorsed) T. G. BARRETT.            J. V. H. ALLEN, Treasurer."

At the same time, it sued said Barrett, as maker, and
said firm as endorser, of another note, in the same words, for
$250, drawn by him on the firm, and endorsed by the firm
and said Cashier. By consent, these cases were consolidated
and tried together.

The defence was, that the notes were given to the National
Express and Transportation Company, in payment of install-
ments on stock of said Company, due from said Barrett, on
an agreement to consolidate and reduce said stock, which was
never done, and that plaintiff took them with notice of the
consideration and its failure.

Plaintiff's attorney read in evidence said notes, and closed.
The defendants' attorneys then offered to show by one of said
defendants, that the consideration of said notes had failed.
The testimony was objected to as immaterial, until the plain-
tiff was shown not to be a *bona fide* purchaser before due, and
without notice, etc.

The Court overruled the objection. By the same witness they
offered to show that the failure to consolidate the stock of the

National Express and Transportation Company was a fraud upon its stockholders. This was objected to for the same reason, and the objection was overruled. The witness then testified that the notes sued on were given in payment of a subscription to the stock of the National Express and Transportation Company, and with the understanding, on the part of the company, to consolidate and reduce the amount of their stock from fifty to twenty shares, and that this undertaking, on the part of the company, was never carried out.

The evidence being closed, the plaintiff's attorneys requested the Court to charge the jury: 1st. " If the maker of negotiable paper relies on the failure of consideration for which the paper was given, as a defence against a *bona fide* holder before maturity, he must show, not only that the consideration had failed, but that the holder had knowledge of the failure at the time when he received the paper." 2d, " that nothing was good as a defence against negotiable paper, in the hands of a *bona fide* purchaser before due, except immoral consideration, gambling, *non est factum*, or fraud in its procurement, *which fraud must be practiced by the holder in procuring the note.*" 3d, that " value received " in negotiable paper, imported that value has been received by the makers.

The defendants' attorneys requested him to charge the jury, that the form of the notes sued on was sufficient to put the plaintiff on its guard in taking them, and that he took them at his own risk.

The Judge gave the first request by plaintiff's attorneys, with this addition : " But, in a case like this, when the consideration is set out in the note, it behooves the taker to inquire whether or not the consideration had failed, and if, in fact, the consideration had failed, the defence is good, even though the taker did not know of such failure." He gave the second request, except the words in italics. He gave the third, with this qualification : "Such is the usual effect of the words ' value received,' but in a case of this sort you will give the words the import which you think they ought to have."

He charged, as requested by defendants' attorneys, and further, that if it was proven that the consideration of the notes had failed, or that they were procured by fraud, the plaintiff could not recover; and further, that it was for them to determine "whether the words of the notes were notice to the plaintiff, and if they were, plaintiff could not recover."

After the jury had retired, they returned into Court for further instructions. The Judge then said, "the Court charges you that the words used in expressing the consideration were sufficient to put the holder on inquiry;" and when asked by a juryman, "Then the jury are to inquire whether the words used were or not sufficient notice?" he answered, "I again charge you that, in my opinion, the words were sufficient notice to put them upon inquiry."

The verdict was for the defendant. A new trial was moved for by plaintiff, on the ground that the Court erred in overruling the objections to defendants' testimony; in qualifying the first and third requests to charge, as he did; in refusing to give the second request; in charging, as requested by defendants' attorney, and as he did in the balance of said charge; and in his remarks to the jury when they came in for further instructions.

This motion was overruled. Error is assigned here upon each of said grounds.

BARNES & CUMMINGS for plaintiff in error.

W. T. GOULD for defendant in error.

McCAY, J.

This was a suit upon a promissory note. The note expressed upon its face, to be "to pay to the order of Thos. G. Barrett, five hundred dollars, "*in consolidation of National Express and Transportation Company*, value received." On the trial, the Court charged the jury that the words on the face of the note were notice, to the party buying it, of the consideration, and sufficient to put him up on inquiry as to whether or not the consideration had failed.

The *bona fide* purchaser of a note not due, who has no notice of a failure of consideration, cannot be defeated by such a plea. Notice of the consideration alone, is nothing. Why should that affect him? That the note was given for money, or a horse, or a house, is wholly immaterial. How can the knowledge that a note was given for a horse, be notice that the horse has proven worthless? One can, perhaps, imagine a case in which the mere knowledge of the consideration would involve also the knowledge of its failure—as when the failure was matter of universal notoriety, or was caused by the party charged, etc., but so far as appears, this is not such a cause.

Nor is the other point in the charge, that the knowledge of the consideration is sufficient to put the party up on inquiry, good law. Such a rule would largely restrict the negotiability of commercial paper, and has, so far as we know, no authority to support it.

Judgment reversed.