HERETH and Another *v.* MEYER.

PROMISSORY NOTE.—*Patent Right.*—A promissory note executed in 1866, in this State, and made payable at a bank therein, contained the words, "this given for patent right."

*Held,* that these words did not affect the character of the instrument as a promissory note governed by the law merchant.

APPEAL from the Marion Common Pleas.

DOWNEY, J.—Suit on the following promissory note:

"$1,000.00.                    INDIANAPOLIS, Dec. 22d, 1866.

"Four months after date we, or either of us, promise to pay to the order of S. B. Hartman one thousand dollars; value received, without any relief whatever from valuation or appraisement laws. The drawers and indorsers severally waive presentment for payment, protest, and notice of protest, and non-payment of this note. Negotiable and payable at the First National Bank of Indianapolis.

"This given for patent right.

"JOHN C. HERETH,

"J. M. W. LANGSDALE."

It was indorsed for value before maturity, by the payee to the appellee.

The defense alleged is, that the note was given for a worthless patent right; was obtained by fraud; and that the indorsee had notice before he purchased the note.

Issues were made involving these questions. There was a trial by jury, who found generally for the plaintiff, and specially, among other things, that the plaintiff had no notice, when the note was purchased, that Hereth and Langsdale had any defense to the note.

A motion for a new trial was made, which was overruled, exception taken, and the evidence is properly in the record. There were no exceptions taken to the giving or refusing to give instructions. The only point properly reserved is the refusal of the court to grant a new trial.

On this point we have no doubt. It is insisted by the counsel for the appellants, that the words in the margin of

the note were sufficient, of themselves, to put the indorsee on inquiry; and that by making the proper efforts he might have ascertained that there was a valid defense against the note.

To this position the counsel for the appellee responds by denying that there is anything in the words calculated to put him on inquiry, and asserting that if there was anything, and he had made inquiry, he could not have made the discovery which it is alleged he might have made, since the evidence shows that the purchase of the note by the appellee took place on the 16th day of January, 1867, and the appellants did not themselves discover, according to one of the special findings of the jury, until some time in April following, that they had been defrauded.

It is not unlawful to deal in patent rights. A note given for such a right is not, for that reason, void. The law of this State regulating the sale of patent rights, whatever its effects may be, was not in force when the note in question was executed. In *Goddard* v. *Lyman*, 14 Pick. 268, the note was as follows:

"SOUTH HADLEY, June 23, 1826.

"For value received of Edmund Warren, James J. Cutler, and Alexander Fleming, I promise to pay them, or order, two hundred dollars and interest, in eighteen months from date.          S. W. LYMAN.

"The above note was given for the patent right of E. Warren's threshing machine."

The note was indorsed: "Pay the within to E. Warren and H. A. Green, at their risk and cost. James J. Cutler, A. Flemming." "I order the contents of this note, so far as I am interested therein, to be paid to H. A. Green or order. E. Warren." "Pay to Jonas Goddard, at his risk and cost. H. A. Green."

These questions were reserved for decision by the court:

"1. Whether the note was so indorsed as to enable the plaintiff to recover in the action.

"2. Whether the case disclose such a want or failure

of consideration as would constitute a good defense in a suit by the promisees.

"3. Whether, under the circumstances, the defendant can legally make the same defense against the plaintiff, who claims as indorsee."

Having answered the first question in the affirmative, the court said with reference to the others: "As to the second question, we give no opinion, because supposing the defense as set up would be good in an action by the payee, we think it very clear that it cannot be maintained in an action by a *bona fide* indorsee. It has been argued by the defendant's counsel that the report of the judge discloses circumstances sufficient to justify an inference that the plaintiff had knowledge of some defect in the note; and the form of the indorsement is principally relied on to maintain this inference. It was indorsed to be at the "risk and cost" of the indorsees; but this may reasonably be supposed to have relation to the possible insolvency of the maker, and is equivalent to the common form of indorsement without recourse to the indorser. But this would not authorize a jury to infer that the plaintiff or any prior indorsee had any knowledge that the patent right for which the note was given was of no value, or that they had any reason to suspect that such was the fact; nor is there any circumstance in the case which can justify any such inference." See, also, *Cone* v. *Baldwin*, 12 Pick. 545.

This court knows judicially, from its own records, that numerous and great frauds are practiced upon the unwary in the sale of patent rights; and it is probable that this is another to be added to the number. But when a party purchasing such a right has executed his note, governed, as this one is, by the same law which governs inland bills of exchange, and when that note has passed, by indorsement, into the hands of a *bona fide* holder for value, new and important rights arise, which the law must protect. The indorsee, for value, and in good faith, has a stronger right to

protection than the party who has executed his note and sent it out into the business community in such shape that it may give rise to the new rights to which we have referred.

Mercantile paper, by legal inference, imports a consideration. But if this implication is strengthened by a statement on the face of the paper that there was a consideration, and in what the consideration consisted, can it be said that this shall impair or degrade the character of the security?

If it be stated in the note that it is given for a tract of land, a span of horses, or a "patent right," can it be said that such statement takes away from the instrument its negotiable character according to the law merchant, and opens up to the maker every defense which he might have had if the note had remained in the hands of the payee?

We are satisfied that such is not the law.

The judgment is affirmed, with two per cent. damages and costs.

*J. E. McDonald, A. L. Roache, E. M. McDonald, P. W. Bartholomew, A. G. Porter, B. Harrison, W. P. Fishback,* and *J. M. Butler,* for appellants.

*J. Hanna and F. Knefler,* for appellee.