## DOHERTY ET AL. *v.* PERRY.

PROMISSORY NOTE.—*Statement of Consideration in Note.*—The statement of the consideration for which it is given in a promissory note, otherwise negotiable under the law merchant, does not change the character of the note.

APPEAL from the Madison Common Pleas.

WORDEN, C. J.—This was an action by the appellants, as the holders of a promissory note, against the appellee, as the maker thereof. The note was dated Nov. 10th, 1869, and payable six months after date, to the order of A. P. Jackson or bearer, at the First National Bank of Anderson, for the sum of one hundred and twenty-five dollars; and it appeared by a statement on the face thereof, that it was "given for Jackson and Pratt's patent right roofing and prepared composition." It was alleged in the complaint that the note was indorsed to the plaintiffs by the payee for a valuable consideration, in good faith and before maturity.

The defendant answered in seven paragraphs; but the seventh was finally withdrawn. The plaintiffs demurred to each of the other six for the want of sufficient facts, etc., but the demurrer was overruled, and the plaintiffs excepted. Such further proceedings were had as that final judgment was rendered for the defendant.

The six paragraphs to which a demurrer was thus overruled were good only on the theory that the note was not governed by the law merchant. They set up equities between the maker and payee, but do not aver any notice thereof to the plaintiffs before they purchased the note. It is claimed by the appellee, that inasmuch as it is shown on the face of the note that it was given for a patent right, that fact was sufficient to put the plaintiffs on their guard, and that they therefore took the note subject to equities. This question was fully considered by the court in the case of *Hereth* v. *Meyer*, 33 Ind. 511, and there decided against the view taken by the appellee. The act to regulate the sale of patent rights, etc. (3 Ind. Stat. 364), if valid, does not affect

the question here, as the statement in the note of the consideration for which it was given does not change its character as a commercial instrument. We adhere to the conclusion arrived at in that case. The demurrer should have been sustained.

The judgment is reversed, with costs; and the cause is remanded for further proceedings.

*D. C. Chipman,* for appellants.

*J. A. Harrison,* for appellee.