Johns vs. The State—Ferst & Co. vs. Larkin—The Georgia Railroad vs. Beatie et al. ; etc.

## JOHNS vs. THE STATE OF GEORGIA.

The act of 1879 (page 132) regulating practice in the county courts applied as well to courts having criminal jurisdiction only as to those which combined civil and criminal jurisdiction. Hence, since its passage, indictment may be demanded by a defendant in a criminal case in any county court.

CRAWFORD, Justice.

## FERST & CO. vs. LARKIN.

A debtor delivered to a creditor notes falling due respectively in one, two, three and four years after date, and to secure them in part gave to the creditor a lease of certain land for ninety-nine years, taking in return a bond to retransfer the leasehold to her, provided that she should within four years pay to the creditor a specified amount :

*Held,* that a failure to pay one of the notes would not give the creditor the right to bring ejectment ; such right would not accrue until the lapse of four years with failure to pay.

SPEER, Justice.

## THE GEORGIA RAILROAD vs. BEATIE et al.

1. The legal principles involved in this case were settled by the decision therein at the February term, 1881, of this court.
2. Mere exceptions for delay only not being made to appear from this record, damages for frivolous exceptions are denied.

SPEER, Justice.

## PERRY vs. BRAY & KEEL.

B. & K. executed a written instrument, by which they promised to pay to D. or order $125.00, on or before the first of November following ; they also gave a lien on their crops for the current year, and from year to year until paid, it being recited that the note was

given for advances made by D., and promised to deliver to D. sufficient cotton from their first picking to pay said amount, empowering him to foreclose summarily in case of non-payment.  D. wrote his name across the face of the instrument, and P. received it for value before due:

*Held,* that in law D's signature was an indorsement, and therefore delivery of cotton to him after P. received the note was not payment thereof.  Nor could this written contract be varied by parol so as to make D's signature an acceptance only.

JACKSON, Chief Justice.