## FIRST NATIONAL BANK OF ETOWAH v. MESSER.

1. Indorsing a note in its literal sense means writing one's name on the back of the note; but where the payee of a note, payable to his order, writes his name on the face of the note under the name of the maker and delivers the note to a third person, such signing operates to transfer the title of the note to the transferee so as to give the latter a right to maintain a suit in his own name against the maker.

2. The holder of a negotiable note is presumed to be such bona fide and for value; and unless the defendant negatives one or both of these facts, he is shut off from any defense which he might have against the payee. A plea to a suit by an indorsee against the maker, averring that such indorsee took the note with the express understanding with the payee, who indorsed it in blank, that if the maker failed to pay the same at maturity the indorser would pay it, and further averring that he had paid out a certain sum on a garnishment judgment, based on a judgment against the payee who was the indorser, set out no defense and should have been stricken on demurrer.

APRIL 14, 1911.

Complaint. Before Judge Morris. Fannin superior court. May 25, 1910.

*McCrosky, Peace & Kelsoe* and *Gober & Griffin*, for plaintiff.

*O. R. Dupree* and *T. A. Brown*, for defendant.

EVANS, P. J. The First National Bank of Etowah, Tennessee, brought suit against J. W. Messer to recover an amount alleged to be due on a note, a copy of which was attached to the petition. From this copy the note appears to have been signed by J. W. Messer and was payable to the order of J. H. Stafford. The payee's name appeared to have been signed on the face of the note, immediately beneath the signature of the maker. In the petition it was alleged that the payee had indorsed the note to the plaintiff. The defendant filed a plea averring that "he expressly denies that the plaintiff is the bona fide holder of said note without notice and that it ever purchased said note bona fide and in good faith, but that the same was taken by said bank with the express understanding that if said note was not paid by defendant, that the said J. H. Stafford would take it up when due, without loss to the bank, the plaintiff." The plea then proceeded to aver that the defendant had been garnished by judgment creditors of the payee, and garnishment judgments had been rendered against the defendant, which he had paid; and he prayed that he have credit on the note for the amount paid on the garnishment judgments; offering to pay the

balance due on the note into court. The plaintiff demurred to the sufficiency of the plea, which demurrer was overruled by the court; and on the conclusion of the plaintiff's evidence a nonsuit was awarded. The exceptions are to the grant of the nonsuit, and to the overruling of the demurrer to the plea.

1. The ordinary and usual mode of indorsing a negotiable instrument is to write the name of the indorser upon the back of the paper. But where the payee writes his name on the face of the note under the maker's signature, the effect is to transfer the title of the note to the transferee, and the payee becomes liable as an indorser. *Perry* v. *Bray,* 68 *Ga.* 293.

2. An averment in a pleading is to be construed according to the full allegation. Though the plea alleged that the plaintiff was not a bona fide holder, yet the same sentence containing such allegation qualifies its legal effect by assigning as a reason why the plaintiff is not a bona fide holder that the note was taken by the bank with the understanding that if it was not paid by the maker, the indorser would pay it when due without loss to the bank. "In ordinary indorsements the contract of the indorser is to pay the money if the parties to the instrument primarily liable thereon fail to pay according to the terms thereof." Civil Code (1910), § 4279. So that the allegation in the plea is tantamount to saying that an indorsee is not a bona fide holder of a promissory note, when such indorsee acquires the note by indorsement from the payee of the note. The averment of fact is the contract of indorsement, and the statement of its effect is but the erroneous conclusion of the pleader. The plea is insufficient to charge that the plaintiff is not a bona fide holder of the note before maturity so as to let in any defense (not excepted by the Civil Code of 1910, § 4286) which the maker may have against the payee, who indorsed the note to the plaintiff. "The holder of a note is presumed to be such bona fide and for value; if either fact is negatived by proof, the defendants are let into all their defenses; such presumption is negatived by proof of any fraud in the procurement· of the note." Civil Code (1910), § 4288. Under this rule the plea was insufficient as a defense to the note, and should have been stricken on demurrer.

*Judgment reversed. All the Justices concur.*