*Hardeman, Jones, Park & Johnston* and *Richard Curd,* for plain-tiff in error. *John P. Ross,* contra.

---

### PARK *v.* ZELLARS *et al.*

ATKINSON, J. 1. The provisions of the Civil Code, § 5905 et seq., in regard to the taking of testimony by depositions, are general, and are applicable, among others, to instances where it is sought to cross-examine a witness who, in response to direct interrogatories duly pro-pounded, had previously given his testimony in the case, although the party thus seeking to cross-examine the witness had been afforded ample opportunity to propound cross-interrogatories in the first instance and had failed to do so.

(*a*) It affords no ground to exclude the depositions so taken that one of the persons who had acted as commissioner in taking the interroga-tories afterwards became counsel of the party at whose instance the depositions were taken, and as such conducted the cross-examination of the witness.

(*b*) Nor is it essential that the notice of the intention to take the deposi-tions prescribed by statute should state the name of the officer before whom the cross-examination is to be conducted.

2. Where several promissory notes are given for the purchase-price of personal property, and subsequently are indorsed over by the payee to

different persons, and the holder of one of them sues the maker, the latter, after denying that plaintiff is a bona fide holder for value, and setting up partial failure of consideration and fraudulent representations, but admitting the property to be of a stated value less than the amount of the note on which he is sued, can not have a judgment denying the plaintiff a recovery for any amount, on the ground that one of the other 'notes was also assigned, and that the holder thereof, though not a party to the action on trial, might in a pending action thereon be held to be a bona fide holder for value and recover from him the full amount of such note, and the remaining note might fall into the hands of an innocent holder and be sued on with similar result.

(a) The record of the pending suit brought by a different plaintiff on one of the other notes is irrelevant 'to any issue made in the case at bar.

3. Evidence as to the institution of suits in other cases in which the present plaintiff, as indorsee, had sued on notes executed by other makers in favor of the same payee, in which pleas were entered setting up fraud and failure of consideration, would be relevant if supplemented with other evidence that in those cases the charge of fraud and misrepresentation was the same or similar to that charged in the present instance, and that such pleas were sustained in some of them; or with evidence of other circumstances affecting the plaintiff with notice of a general scheme of the payee to defraud in the sale of the property of the kind for which the note was given. But the bare fact that in several instances pleas of fraud had been filed to suits on notes purchased by the plaintiff from the same payee is not sufficient to defeat the bona fides of the purchase of the note. Citizens' Trust & Savings Bank v. Stackhouse, 91 S. C. 455 (74 S. E. 977, 40 L. R. A. (N. S.) 454); Mee v. Carlson, 22 S. D. 365 (117 N. W. 1033, 29 L. R. A. (N. S.) 351).

4. It being in issue as to whether the plaintiff was a bona fide holder of the note without notice of the facts relied on to show failure of consideration, the court, on appropriate request, should have charged that knowledge by plaintiff that the note was given for the purchase-price of the article sold would not alone suffice to charge plaintiff with notice of the defects. Wilensky v. Morrison, 122 Ga. 664 (50 S. E. 472); Bank of Commerce v. Barrett, 38 Ga. 126 (95 Am. D. 384).

5. Except as indicated in the preceding notes, there was no merit in any of the other grounds of the motion for new trial.

Judgment reversed.    All the Justices concur.

MARCH 1, 1913.

Complaint. Before Judge Walker. Lincoln superior court. December 16, 1911.

C. J. Perryman, for plaintiff.

John T. West and T. H. Remsen, for defendants.