## TATE, for use, etc., *v.* LITTLE.

1. A motion to set aside a judgment, made during the term at which it was rendered, is addressed to the sound discretion of the court, and such discretion will not be controlled by a court of review, unless manifestly abused.

(*a*) There was no abuse of discretion in sustaining such a motion in this case.

2. The statute embodied in the Civil Code, §§ 4293, 4294, requires that notes or contracts for patent, copy, or proprietary rights shall have expressed therein the consideration of the same, and state the thing or article for which the same was given; and declares that when this is done, a purchaser of such note or contract, whether before due and without notice or otherwise, "shall take the same with all the equities existing between the original parties; and the maker of such note, contract, or other evidence of debt shall have the right to make any defense to the payment of same as against such purchaser that could have been made against the original payee." *Held*, that the maker of such a note may set up by way of defense, in a suit on the same, all the equities existing between the original parties, or make any defense that he could have made against the original payee; but that he can not set up, against an innocent purchaser of the note before due and without notice, any equities or defenses against every person who may at any time have held the note as a bearer.

JUNE 12, 1914.

Complaint. Before Judge Wright. Chattooga superior court. April 21, 1913.

*Copeland, Hamilton & Hutchens* and *R. M. W. Glenn,* for plaintiff. *C. D. Rivers,* for defendant.

FISH, C. J. A suit was brought in the superior court on a promissory note for $700 principal, and interest, the note containing a stipulation for the payment of reasonable attorney's fees. At the first term of court, the attorney for the defendant lodged in the office of the clerk of the superior court an answer which denied each of the two paragraphs contained in the petition, but this answer was not verified, or marked by the clerk "filed in office." At the trial term, on motion of the plaintiff's attorney, the presiding judge, without a jury, rendered a judgment for the principal and interest due on the note, without reference to attorney's fees. At the same term the defendant moved the court to set aside the judgment, and to be allowed to verify the original answer and to file an amended answer also verified. The written motion for that purpose recited, that the cause came on to be heard at the trial term; that the defendant asked leave to file under oath an amended answer; that this was denied; and that judgment was rendered as above stated. The court granted the motion to set aside the judgment, reinstated the case for trial, and allowed the defendant to file his amended answer and to verify it. The plaintiff excepted pendente lite. There was no error in this ruling.

1. The note was unconditional as to the principal and interest, but as to the attorney's fee it provided only for a reasonable attorney's fee; and moreover, the statute requires the service of a written notice of intention to sue before an attorney's fee can be collected. The answer appears to have been actually filed in the clerk's office, though not so marked and not verified. This was done in due time, and there was apparently no entry of default. The answer in effect denied every allegation in the petition. Under it there could be no judgment rendered without proof of the case set up in the petition. The defendant sought to perfect the answer by having it verified, and also tendered an amendment which he alleged was not filed for delay, and proposed to substantiate that fact by affidavit. An unsworn plea is amendable by adding an affidavit thereto. *Greer* v. *Andrew,* 133 *Ga.* 193 (8), 208 (65 S. E. 416). A motion to set aside a judgment, made during the term when it was rendered, is addressed to the sound discretion of the court, and such discretion will not be controlled by a court of review, unless manifestly abused. *Van Dyke* v. *Van Dyke,* 120 *Ga.* 984, 986 (48 S. E. 380). As the presiding judge sustained the motion, it may be inferred that he was satisfied that he erred in not allowing the original answer to be verified, and in not allowing the amendment under such showing as was made to him in regard to the delay in making it. We can not say that he abused his discretion in setting aside the judgment and reinstating the case.

2. The evidence in the record is so confused that it is difficult to accurately determine the facts; but from it we gather the following, among others: A company and one Batten either operated together, or the latter operated under the company, having some kind of interest in the sales of a patent right. Batten had been previously trying to negotiate a trade with the defendant in regard to a purchase of the patent right, but the trade was finally closed with the defendant by the general agent of the company and Scruggs. Defendant made a contract with the company for the patent right. The entire purchase-price to be paid was $2,000, of which the sum of $1,000 was paid to the company by defendant, the sum of $700 was to be paid to Batten, and $300 to be paid to Scruggs. Whether the amounts which were to go to Scruggs and Batten represented some sort of interest they had in the patent right, or were in the nature of commissions, is not clear from the

evidence of the defendant. He testified that Scruggs agreed to take one half interest in the purchase from him at $1,000, for which he gave to the defendant his note. The defendant further testified that he executed the note sued on, which was for $700, due on or before six months after its date, to "T. P. Batten or bearer." It recited that "This note is given for Patented Right No. 731,021, The Economic Clothes Washer, Patented June 16th, 1903." The defendant testified also, that Scruggs represented to him that Batten owed Scruggs more than the amount of the note; that Scruggs and the defendant arranged that the latter should give to Scruggs this note, that Scruggs should exhibit it to Batten to show that a contract was made, and then to return it to the defendant together with the $300 note which defendant gave to Scruggs apparently to discharge Scruggs' note to the defendant. The defendant on cross-examination admitted that the note in suit was given as a part of the consideration of the contract with the company for the patent right.

The note was negotiable by delivery, and was also indorsed by Scruggs. There was no controversy that the plaintiff was a bona fide purchaser for value and without notice of any defense. Under the decisions in this State, the mere recital of the consideration does not ordinarily prevent a note from being negotiable, or prevent a bona fide taker for value and before due and without notice from being protected against defenses, with certain exceptions. *Park* v. *Zellars,* 139 *Ga.* 585 (4), 586 (77 S. E. 922). If this note is an exception to the general rule of the right of a bona fide holder for value, receiving a note before it is due and without notice of any defense, it must be on account of the act of 1897 (codified in the Civil Code, §§ 4293, 4294, and the Penal Code, § 635), which deals with notes or contracts given for patent, copy, or proprietary rights. Omitting provisions not material in the present case, section 4293 provides that all promissory notes taken by any person, agent, company, or corporation, for the purchase-price of any patent, copy, or proprietary right, or territory for the sale of any such right, and sold by such person, agent, company, or corporation through or by any peddler, agent, or traveling salesman, shall have expressed on the face of such note the consideration therefor, stating the thing or article for which it was given. Section 4294 provides that any person who purchases any note given for any of the

articles or things set forth in the preceding section, when the con-, sideration of the note is expressed in the face thereof as provided in that section, whether before due and without notice or otherwise, shall take the same with all the equities existing between the original parties; and the maker of such note shall have the right to make any defense to the payment of the same as against such purchaser that could have been made against the original payee. Section 635 of the Penal Code imposes a penalty for selling any of the articles mentioned in section 4293 of the Civil Code, without expressing in the face of the note the article or thing for which it is given.

It will be seen that these sections deal with promissory notes given for the purchase-price of patent articles or for the sale of territory therefor, provided that the consideration shall be expressed on the face of the note, and that a taker of such note, whether before due or not, shall take it "with all the equities existing between the original parties," and with the right on the part of the maker to make any defense to the payment of the note as against the purchaser thereof "that could have been made against the original payee." The note in suit purported on its face to be given for a certain patent article. The defendant testified that it was in part consideration of the purchase-price of the contract made with a certain company. Evidently the persons intended by the statute were the parties to the contract of sale, or the original payee of a note given for the purchase-price. This note did not purport on its face to be given to Scruggs for the purchase-price of a patent article, nor did the evidence of the defendant tend to show that it was so given. Under the confused evidence of the defendant, either it was given for the purchase-price of an interest sold Batten, or more probably the latter's interest was sold by the company and Batten was to receive a part of the purchase-price due for this sale. Therefore, either the company or Batten must have been the original party or the original payee contemplated by the statute. While the note is made payable to bearer, thus rendering it negotiable by delivery, the statute never contemplated that the maker, in a suit by an innocent purchaser before due and without notice, could set up equities or defenses against every person who might at any time hold the note as a bearer. This note never having been given for the purchase-money of any patent article or patent right, or an

interest therein, sold by Scruggs as the vendor thereof, but, according to the defendant's own testimony, for the purpose of representing the interest of Batten, relatively to such note Scruggs was not the "original party" or "original payee" of the note, within the meaning of those terms as used by the statute, or within the mischief which such statute was enacted to remedy. The mere fact that the defendant and Scruggs entered into an agreement, unauthorized by Batten, that Scruggs should show the note to Batten and then return it to the defendant in discharge of his own debt, did not render any such collateral agreement one with the original vendor or payee, so as to furnish a defense against him under the statute, there being no intimation that Scruggs was the agent of Batten or authorized to make any such terms, either on Batten's behalf or on behalf of the company. Thus the collateral arrangement between the defendant and Scruggs would not have furnished a defense against Batten if the note had been given to him. So, if the note be treated as one given under the statute, Scruggs' conduct would not have furnished a defense as against Batten, or as against a holder under Batten. If the note be treated as one not falling within the purview of the statute, because not given for the purchase-money of a patent article, but merely one procured from defendant by Scruggs by fraud or promises which he failed to carry out, then it would not fall within the protection of the statute, but would stand merely like any other note procured by fraud, and an innocent holder thereof would be protected against a defense not growing out of any failure of consideration in regard to the article purchased, or between the original parties or the maker and payee named on the face of the note, but arising from an agreement on the part of Scruggs as to what he would do with the note, after procuring it, in the way of getting it applied to his own indebtedness. The defendant got the patent right which he bargained for. There was no failure of consideration in that respect. What he is trying to set up is an agreement on the part of Scruggs to purchase from him, and the failure to make the payment as Scruggs agreed to do. And this he is seeking to set up as a defense against a note purporting to be given to Batten for the purchase of a patent right. Under his own evidence the defendant failed to make out a defense authorizing a verdict in his favor, as against a bona fide

purchaser for value, before due, and without notice; and a verdict in his favor was not authorized by the evidence.

The instructions excepted to, which were not in accord with the ruling here made, were erroneous.

*Judgment reversed.   All the Justices concur.*