## HARDIN *et al. v.* BANK OF HARLEM.

1. A negotiable promissory note had written on the margin of the paper by the makers the words: "This note given for ten shares of stock in Athens Insurance Agency, with guarantee of a 10% annual dividend." In defense to a suit upon the note by a subsequent holder, a plea of failure of consideration alleged that the consideration of the note was certain stock in the Athens Insurance Agency, which was worthless, and recited that "said guarantee and condition, being written upon the face of the note, became a part of the note, and that the Bank of Harlem, when it purchased said note from Guest, did so with full knowledge of the conditions attached to said note, and subject to all the equities existing between said Guest and said J. S. and J. F. Hardin." *Held:* (a) When construed most strongly against the pleader, the recitals above quoted in the plea amounted to a charge that the plaintiff had notice of the equities between the original parties to the note merely in virtue of the above-quoted memorandum written thereon. (b) The memorandum was insufficient to charge notice of failure of consideration of the note; and the plea failing to aver that plaintiff purchased the note with notice of a failure of consideration, it was properly stricken on demurrer.

2. The note was made payable to the order of the makers, and was indorsed by them in blank. An amendment to the plea was offered, averring that the Athens Insurance Agency made to the defendants certain guaranties as to the above-mentioned stock, that the guaranties had failed, and that the plaintiff took the note with full notice of all the equities of the makers arising out of the failure of the guaranties. The Athens Insurance Agency was not an original party to the note, and there was no allegation that it owned the note when it made the alleged guaranties and had subsequently sold it to the plaintiff. *Held:* (a) The amendment was insufficient to charge any equity in favor of the makers which would affect the plaintiff, notwithstanding the plaintiff may have purchased with notice of the alleged agreement between the defendants and the Athens Insurance Agency. (b) There was no error in rejecting the proposed amendment.

3. Giving due weight to the evidence and the pleadings, there was no error in directing the verdict for the plaintiff.

JULY 12, 1916.

Complaint. Before Judge Hammond. Columbia superior court. March 22, 1915.

The Bank of Harlem instituted suit upon a promissory note dated February 29, 1912, signed "J. S. & J. F. Hardin," payable at a future date to the order of the makers, and indorsed in blank by them. Written on the lower margin of the note was the following: "This note given for ten shares of stock in Athens Insurance Agency, with guarantee of a 10% annual dividend." The note

contained a clause promising to pay 10 per cent. of principal and interest as attorney's fees, should the maker fail to pay, etc. The petition set forth a copy of the note, and alleged that the defendants were indebted to plaintiff thereon in stated sums of principal, interest, and attorney's fees. The first paragraph of the answer denied the first paragraph of the petition, which alleged that the defendants were indebted to the plaintiff upon the notes. All other paragraphs of the petition were admitted. For further plea, it was alleged in paragraph 5 of the answer: "Having admitted the execution of said note, and that plaintiff is the legal holder thereof, they say that the consideration alleged for which said note was given has totally failed; that while said note was payable to the order of J. S. & J. F. Hardin, and was signed by them as makers, the note was taken in that manner for convenience at the instance of Guest, who was selling stock in the 'Athens Insurance Agency;' that said J. S. & J. F. Hardin having agreed to purchase 10 shares of stock of said Athens Insurance Agency from said W. S. Guest at and for the sum of $10 per share, with the distinct understanding and agreement and guarantee on the part of said W. S. Guest that said stock was worth $75 per share, that it was a solvent corporation, and that its affairs were in good shape, and that the stock was worth on the market intrinsically $75 per share, and that it would pay a 10% annual dividend, and would get better as the years rolled by; that in order to protect themselves in said note, they had written on the note, at the time of the execution thereof, as a part of the contract, the following words: 'This note given for ten shares of stock in Athens Insurance Agency, with guaranty of a 10% annual dividend.' That said guarantee or condition, being written upon the face of the note, became a part of the note, and that the Bank of Harlem, when it purchased said note from said Guest, did so with full knowledge of the conditions attached to said note, and subject to all the equities existing between said Guest and said J. S. & J. F. Hardin. That as a matter of fact, at the time of the sale of said stock, the said company was insolvent; that soon thereafter it went into the hands of a receiver, and the stock was worthless at the time of the purchase, and is entirely worthless now and of no value, and that it never paid a 10% dividend annually or at any other time; and the consideration having totally failed, they set the

same up as a defense to this suit," etc. When the case came on for trial the defendants offered to amend by striking paragraph 2 of the original answer, and inserting in lieu thereof: "Defendants say for further plea that the Athens Insurance Agency guaranteed that if the defendants desired to dispose of the stock for which the note was given, at any time between the date of the note, February 29th, 1912, and April 1st, 1913, the company was to dispose of said stock for as much as purchasers paid for it, on thirty days' notice, and that before April 1st, 1913, defendants gave notice to said company of their wish to sell said stock, but that the said company never sold same, and that plaintiff purchased said stock [note?] with notice of the equities between the parties." The amendment was rejected on the ground that the defendants could not set up such defense to the note. The plaintiff moved to strike paragraph 5 of the answer, as above set out. The motion was granted. The plaintiff introduced the note in evidence, and closed. Thereupon the judge directed a verdict for the plaintiff for the amount of principal, interest, and attorney's fees, as sued for. The defendants excepted to the rulings before stated, and to the direction of the verdict.

*John T. West,* for plaintiffs in error. *P. B. Johnson,* contra.

ATKINSON, J. 1. Paragraph 5 of the plea sought to set up failure of consideration of the note, on the ground that it was given for certain stock in the Athens Insurance Agency, which was being sold by one Guest, to whom the note was delivered, that in making the sale Guest made certain guaranties as to the present value of the stock and as to future dividends it would pay, but that in fact at the time of the sale of the stock the company was insolvent, and soon thereafter it went into the hands of a receiver, and the stock was entirely worthless at the time of the purchase. The note was executed before passage of the act of 1912 (Acts 1912, p. 153, Park's Code, §§ 4294 (a), 4294 (b)), and consequently that law has no application. The note was a negotiable promissory note, payable on a date subsequent to that of its execution. In *Parr* v. *Erickson,* 115 *Ga.* 873 (42 S. E. 240), it was held: "Where a negotiable promissory note, payable at a future date, was indorsed by the payee to the plaintiff, in the absence of proof to the contrary, the law will presume that the plaintiff took before maturity, for value and without notice." It was also held: "A

bona fide holder of a negotiable promissory note, purchased for value and before maturity, is protected against a defense that the note was without consideration." In *Oliver* v. *Miller,* 130 *Ga.* 72 (60 S. E. 254), it was held: "The holder, for value, of a negotiable promissory note, who receives it before due, without notice of equities between the parties thereto, will be protected against such equities." Where suit is brought upon a promissory note by a transferee, alleging himself to be a bona fide holder thereof for value, a plea which seeks to set up failure of consideration or any other equities between the original parties must aver that the plaintiff took with notice of such equities. See *Hendrix* v. *Bauhard,* 138 *Ga.* 473 (2), 481 (75 S. E. 588, 43 L. R. A. (N. S.) 1028, 29 Ann. Cas. (1913D) 688). There is nothing alleged in the plea that resembles a charge of notice to the plaintiff, except the allegation, "That said guarantee or condition, being written upon the face of the note, became a part of the note, and that the Bank of Harlem, when it purchased said note from said Guest, did so with full knowledge of the conditions attached to said note, and subject to all the equities existing between said Guest and said J. S. & J. F. Hardin." When these allegations are considered most strongly against the pleader, they merely amount to a charge that the written memorandum on the margin of the note charged the plaintiff with notice of the failure of consideration. In this connection see *First National Bank of Etowah* v. *Messer,* 136 *Ga.* 226 (71 S. E. 148). When the memorandum is considered, it does not purport to show anything except the fact that the note was given for certain shares of stock, and that certain dividends were guaranteed. In *Hudson* v. *Best,* 104 *Ga.* 131 (30 S. E. 688), it was held: "A knowledge of the consideration of a negotiable promissory note by a purchaser thereof, for value and before maturity, is not sufficient to charge him with notice of the failure of such consideration." See also *Bank of Commerce* v. *Barrett,* 38 *Ga.* 126 (95 Am. D. 384) ; *Park* v. *Zellars,* 139 *Ga.* 585 (4), 586 (77 S. E. 922) ; *Bank of Lavonia* v. *Bush,* 140 *Ga.* 594 (79 S. E. 459). In the light of what has been said, there was no error in striking paragraph 5 of the plea.

2. The amendment which the court rejected sought to set up equities of the same general character between the defendants and the Athens Insurance Agency, and it was alleged in unqualified

terms that the plaintiff purchased the note with notice of the equities of the defendants, which were specified. It was not alleged that the Athens Insurance Agency was one of the original parties to the note, or that it was a holder of the note at any time when the defendants may have received any such guaranty or promise as was described in the amendment to the plea. For aught that appears, the Athens Insurance Agency was an entire stranger, and no broken promise by the Athens Insurance Agency to the defendants with respect to the stock in the corporation could affect the plaintiff, even with notice of such promise and a breach thereof.

3. Under the admissions in the pleadings, there was no issue as to the right of the plaintiff to recover attorney's fees or the amount thereof; and upon introduction of the note in evidence, there was no error in directing a verdict for the plaintiff.

*Judgment affirmed. All the Justices concur.*