### 13978.  STATE BANKING COMPANY v. MORGAN.

1. " The fact that the consideration of a note is set forth on its face does not carry with it notice of the failure of consideration, if it has failed, to a person taking it bona fide; nor is he ipso facto put upon inquiry and bound to inquire whether the consideration has failed." *Bank of Commerce* v. *Barrett,* 38 *Ga.* 126 (95 Am. Dec. 384).

2. Failure of consideration cannot be set up as a defense to an action upon a negotiable promissory note by an indorsee taking it for value, before maturity and without notice.

3. Where a negotiable promissory note was indorsed by the payee to the plaintiff, in the absence of proof to the contrary the law will presume that the plaintiff took it before maturity, for value and without notice.

4. A promissory note in other respects negotiable does not lose its negotiable character by reason of a recital therein of its " having been given to [the payee] as per contract for " certain property described.

5. Such recital without more is insufficient to charge an indorsee with notice of a failure of consideration of the note, and a plea which charged that the plaintiff had notice of the equities between the original parties to the note merely by virtue of the recital was insufficient to let in the defense of a failure of consideration, and should have been stricken on motion.

6. There being upon the trial no evidence of such notice in the plaintiff, other than the fact of the recital above mentioned, the verdict in favor of the defendant was unwarranted, and the court erred in overruling the plaintiff's motion for a new trial.

DECIDED JUNE 25, 1923.

Complaint; from Jackson superior court — Judge Fortson. September 16, 1922.

This was a suit by the State Banking Company of Gainesville against A. J. Morgan, as maker, and Gainesville Auto Company and William H. Summer Jr., as indorsers, upon a promissory note, of which the following is a copy:

" $1135.00.               Gainesville, Ga., April 7th, 1920.

" On Nov. 1st after date I promise to pay Gainesville Auto Co., or bearer, eleven hundred thirty-five dollars, payable at Gainesville, Ga., with interest from date at the rate of eight per cent. per annum, with all costs of collection, including ten per cent. attorney's fees. This note having been given to said Gainesville Auto Co. as per contract for one Saxon Tractor, Model M, Motor No. . . Also one Oliver double disk plow, No. 42816. It is hereby agreed that the ownership of title to said Tractor No. . . and plow No. . . shall remain to said Gainesville Auto Company until this note is fully paid. And it is distinctly understood that I take all risk of said loss in any way dying. And each of

us, whether maker, security, or holder, hereby severally waives, for himself and family, any and all rights of homestead and exemption that we or either of us may have, under the constitution or laws of the State of Georgia or of the United States, against this debt. The better to secure the payment of this debt, I sell to said . . two mare mules, one named Bell and Ida, weight about 1100# each, color black, bought of Dave Brooks, and upon failure to pay this debt promptly when due said . . hereby authorized to take possession of said property and sell the same. In witness whereof I have set my hand and seal:

A. J. Morgan (Seal)."

"Attest: W. C. Summer."

The case was in default as to the indorsers, but was defended by the maker, upon the ground of a failure of consideration, in that the tractor was alleged to be worthless. The only charge of notice in the plaintiff of a failure of consideration was the following averment of the answer: "Defendant further charges and alleges that State Banking Company is not an innocent purchaser of said note, but was put on sufficient notice to have caused it to make inquiries as to the failure of the consideration of said note, for that in the face of said note the following clause is inserted: 'This note having been given to said Gainesville Auto Co. as per contract for one Saxon Tractor, Model M, Motor No. . . Also one Oliver double disk plow, No. 42816.' Said language is sufficient to have put the State Banking Company on notice as to what the contract between the parties was, and said State Banking Company would have then found the guaranty of the Gainesville Auto Company on said tractor out. Said State Banking Company by virtue of the face of said note, cannot hold the position as an innocent party, and defendant has a right to plead and set up the failure of the consideration of said contract against the State Banking Company."

Before the case proceeded to trial the plaintiff made a motion to strike the answer of the defendant A. J. Morgan, "on the ground that the same was insufficient in law; that the same set up no valid defense against the note sued on; that the same undertook to plead a failure of consideration against a negotiable instrument in the hands of a third party before due and without notice." The motion was overruled. The trial resulted in a verdict for the

defendant, and the case was brought here upon exceptions by the plaintiff to the refusal of its motion for a new trial. Error is also assigned upon pendente lite exceptions of the plaintiff to the overruling of its motion to strike the plea.

The evidence, like the plea, did not show notice in the plaintiff of any failure of consideration, unless the plaintiff was put upon notice by the recitals contained in the note.

*C. H. Bryson, Ed. Quillian, J. O. Adams,* for plaintiff.

*Cooley & Beall,* for defendant.

BELL, J. (After stating the foregoing facts.) Plaintiff's motion for a new trial contained a number of special grounds, but these are treated as abandoned, no reference being made thereto in its brief. The sole question for determination is whether the recital in the instrument sued on: " This note having been given to said Gainesville Auto Co. as per contract for one Saxon Tractor, Model M, Motor No. . . Also one Oliver double disk plow, No. 42816," was sufficient in itself to put the plaintiff as an indorsee upon notice of any equities existing between the original parties to the note. Clearly the plea did not attempt to charge that the plaintiff had notice in any other way, and this was true also of the evidence introduced upon the trial.

Under numerous authorities, we cannot answer the question above presented except in the negative. The authorities so abundantly support this position that a lengthy discussion would be without value. The cases of *Hardin* v. *Bank of Harlem,* 145 *Ga.* 494 (1) (89 S. E. 613), and *Brooks* v. *Floyd,* 12 *Ga. App.* 530, 532 (77 S. E. 877), are almost identical with this case in their facts, and in principle are controllling. See also *Dorris* v. *Farmers & Merchants Bank,* 22 *Ga. App.* 514 (3) (96 S. E. 450); *Prater* v. *Baughman,* 24 *Ga. App.* 298 (100 S. E. 647); *Morrison* v. *Hart,* 122 *Ga.* 660 (3) (50 S. E. 471); *Bloodworth* v. *Woodward,* 20 *Ga. App.* 570 (93 S. E. 221), and cases there cited; *Aprea* v. *Oglethorpe Savings & Trust Co.,* 28 *Ga. App.* 408 (111 S. E. 215). While it is true, as pointed out by the defendant in error, that in the case of *Turner.Lumber Co.* v. *Henderson Lumber Co.,* 20 *Ga. App.* 682 (2), 688 (93 S. E. 303), it was said by this court that a recital on the face of the note there sued upon that it was a renewal of another note given for certain timber " under contract dated August 13, 1906," was " sufficient to carry with it such

notice as to charge a purchaser with knowledge of the contract to which reference is made," it was said also, in immediate sequence thereto, that despite this fact " it is a well-recognized principle of law that knowledge by the purchaser of a negotiable instrument as to what constitutes the consideration thereof, even though such be recited in the face of the note itself, does not deprive the holder of his rights as a bona fide purchaser, unless he has also what amounts to notice that such consideration has failed."

The law, in thus wisely upholding the security of negotiable instruments, does not leave the maker without remedy, for if a negotiable note is wrongfully transferred to a bona fide purchaser, thereby cutting off a valid defense of the maker, a cause of action will arise in his favor against the payee for any resulting damage. *Patterson* v. *Peterson,* 15 *Ga. App.* 680 (1) (84 S. E. 163).

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*