KEENE *v.* ROXBURY.

*Kenneth J. Arwe,* for the city of Keene.

*Robert J. Doyle,* for the town of Roxbury.

BLANDIN, J. The first question before us is whether the sale of water by the plaintiff to the North Swanzey Water and Fire Precinct constitutes revenue in the nature of rent, making the property in question subject to taxation. In our opinion the answer is no, for the cases of *Keene* v. *Roxbury,* 81 N. H. 332 and *Lisbon District* v. *Lisbon,* 85 N. H. 173, are decisive in favor of the plaintiff. In the *Keene* case the facts were identical with those before us except that there water was sold to the town of Roxbury as well as to the city and here it was sold to the city and to the North Swanzey Precinct. We do not see that this affects the situation. The argument was advanced in the *Keene* case and again in the *Lisbon* case as it is here that the proceeds of such sales constituted revenue in the nature of rent from land or buildings held for the purpose of a water supply. The court in both cases declined to adopt this view. It appears that the statutes under which these cases were decided, being Laws 1911, *c.* 40 and P. L., *c.* 60, *s.* 10, respectively, are similar for all purposes here essential to R. L., *c.* 73, *s.* 12, which is now applicable. The prior judicial interpretation of these statutes must be considered as adopted by R. L., *c.* 73, *s.* 12. *Lisbon District* v. *Lisbon, supra.*

The assessment provided for by R. L., *c.* 73, *s.* 12, is not strictly speaking a tax. It may be viewed as a condition annexed to the grant of a municipal franchise to the plaintiff to hold real estate in the defendant township. *Keene* v. *Roxbury, supra,* 335. There should therefore be an order for abatement, but upon receipt of a proper statement the plaintiff should pay the defendant $589 which is due under R. L., *c.* 73, *s.* 12.

The conclusion reached renders unnecessary consideration of the second question transferred to us.

*Abatement ordered.*

All concurred.