Cheshire
No. 6917

TOWN OF SWANZEY

v.

CITY OF KEENE

May 30, 1975

*Bradley & Talbot (Mr. Richard J. Talbot* orally) for the plaintiff.

*Charles H. Morang*, city solicitor, by brief and orally, for the defendant.

LAMPRON, J. Action by the town of Swanzey for real estate taxes for the year 1971 in the amount of $9,739.50 plus interest assessed on a 40-acre tract of land and a terminal building thereon being part of about 880 acres which constitute the Keene Municipal Airport situated entirely in the plaintiff town. The Trial Court (*Johnson*, J.) found and ruled that the portion of that terminal building occupied by a restaurant-cocktail lounge

and car rental agencies was "leased for profit" within the terms of RSA 423:9 and consequently not exempted from taxation by the plaintiff. The propriety of the trial court's application of the terms of RSA 423:9 to the facts presented in evidence is the issue on this appeal.

RSA 423:9 reads in pertinent part as follows: "All property and rights acquired by a city or town outside its boundaries ... [for a municipal airport], if said property and rights are not leased for profit, shall be exempt from taxation therein; but the city or town shall make payments ... in each year, to each city or town in which such property or rights are located, of such sums as would have been assessed against said property and rights if the same had been included in the tax invoice for such year at the tax valuation of the same on April 1, 1940 ...." Its manifest purpose is to foster the development of airport facilities while not imposing too heavy a burden upon the taxpayers of the owning and host communities. *Opinion of the Justices*, 95 N.H. 548, 65 A.2d 700 (1949); *see Gilford v. State Tax Commission*, 108 N.H. 167, 229 A.2d 691 (1967).

In order to insure a fair apportionment of the costs, the legislature expressly excluded from the tax exemption granted to the owning municipality whatever property is "leased for profit". As to such property the host community is allowed to tax it at its current fair market value. RSA 72:6; RSA 75:1. In its purpose, wording and effect, RSA 423:9 is very similar to RSA 72:11 (Supp. 1973) and RSA 72:11-a which govern the exemption from taxation of property used for water works and flood control. The decisions of this court pertaining to the latter statutes are helpful in interpreting the statute in this case. *Milan v. Berlin Airport Authority*, 104 N.H. 320, 325, 184 A.2d 454, 458 (1962); *see Keene v. Roxbury*, 81 N.H. 332, 126 A. 7 (1924); *Keene v. Roxbury*, 96 N.H. 233, 73 A.2d 432 (1950); *Manchester v. Auburn*, 102 N.H. 325, 156 A.2d 774 (1959).

The central issue on this appeal is the provision of RSA 423:9 that the grant of exemption from taxation applies only "if said property and rights are not leased for profit." Such language is commonly interpreted as meaning a transaction entered into for pecuniary gain. *Matthews v. Crosby*, 56 N.H. 21, 25 (1875); *Feine v. McGowan*, 188 F.2d 738, 740 (2d Cir. 1951); 73 C.J.S. *Profit or Profits* 1-5 (1951). Swanzey contended at the trial that the inclusion of a restaurant-cocktail lounge in the terminal building at the time it was being planned and later built rendered the en-

tire terminal building "leased for profit." This restaurant was leased to and operated by a private owner. Keene's position, as stated in its brief is: "If the total revenues were to exceed the total cost of operating the airport of which the terminal building is an integral part, and a profit was thus realized, then the entire facility would change in character and perhaps should be subject to the property tax."

The trial court refused to accept the positions of the parties that "this is a black or white situation." It found on the evidence that "terminal buildings are rarely, if ever, profitable taken as whole." There was evidence in the form of city budgets that Keene appropriated substantial sums annually for the operation of this airport. The trial court properly ruled that the clause in question must be read in the light of those factors. *Gilford v. State Tax Commission,* 108 N.H. 167, 168-69, 229 A.2d 691, 693 (1967). The words "leased for profit" the court properly concluded mean that if the rents collected for the space occupied by the restaurant and car rental agencies are commercially reasonable, given the cost of that portion of the structure and of its maintenance, they are leased by the city of Keene for profit. The base rent for the restaurant-lounge was $9,792 for the year 1971. The court found and ruled that the space in question so leased to businesses offering services for the convenience of the traveling public and not necessary to the operation of the airport is subject to taxation by Swanzey at the fair market value of that portion of the terminal building. RSA 72:6; RSA 75:1; *see Cleveland v. Perk,* 29 Ohio St. 2d 161, 280 N.E.2d 653 (1972). Such a holding is in accord with decisions of this court relating to a similar situation of a charitable corporation, which is exempt from taxation under RSA 72:23 V, leasing part of its property at a profit. In such a case a division of the property is made accordingly and a tax is assessed on the value of that part of the property put to a nonexempt use. *Alton Bay Camp Meeting Asso. v. Alton,* 109 N.H. 44, 50, 242 A.2d 80, 86 (1968); *see Trustees &c. Academy v. Exeter,* 90 N.H. 472, 27 A.2d 569 (1940).

The trial court also ruled on the tax status of the remainder of the terminal building and that of the 40 acres of land on which it is located. It correctly found and ruled that the remaining space in the terminal occupied by the airlines, FAA, airport manager, and the public areas are necessary to the good management of the airport and are not taxable by the town of Swanzey. *See Milan v. Berlin Airport Authority,* 104 N.H. 320, 184 A.2d 454 (1962).

The 40-acre tract in question is contiguous to the 840 acres which previous to the acquisition of the 40 acres constituted the Keene airport. The trial court found that, in addition to being the site of the terminal building, this 40-acre tract was used for parking areas, an access road and additional clear land needed in connection with the safe landing and take-off of planes. The trial court further found that the portion of the tract used by the nonexempt businesses, "is so minor compared to the entire tract that the court finds that Keene in all likelihood would have purchased the same amount of land regardless . . . ." The court properly ruled that no part of the 40-acre tract was taxable by Swanzey but was subject to the payments required by RSA 423:9.

*Exceptions overruled.*

All concurred.